**Victoria A. Carleton JOLLEY, et al., Plaintiffs–Appellants,**

v.

**PAINE WEBBER JACKSON & CURTIS, INC., Defendant–Appellee.**

No. 88–3179.

United States Court of Appeals, Fifth Circuit.

March 15, 1989.

Frank E. Massengale, S. Gene Fendler, Liskow & Lewis, New Orleans, La., for plaintiffs-appellants.

George C. Freeman, III, Phillip A. Wittmann, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., for Paine Webber Jackson & Curtis, Inc.

Before CLARK, Chief Judge, TIMBERS * and RUBIN, Circuit Judges.

CLARK, Chief Judge:

The recent amendment to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., was not dealt with in our opinion dated February 2, 1989, which is reported at 864 F.2d 402. Accordingly, we supplement our prior opinion as follows.

Effective November 19, 1988, Congress added new section 15 to the Federal Arbitration Act:

15. Appeals

(a) An appeal may be taken from—

(1) an order—

(A) refusing a stay of any action under section 3 of this title,

(B) denying a petition under section 4 of this title to order arbitration to proceed,

(C) denying an application under section 206 of this title to compel arbitration,

---

* Circuit Judge of the Second Circuit, sitting by designation.

(D) confirming or denying confirmation of an award or partial award, or

(E) modifying, correcting, or vacating an award;

(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3) a final decision with respect to an arbitration that is subject to this title.

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—

(1) granting a stay of any action under section 3 of this title;

(2) directing arbitration to proceed under section 4 of this title;

(3) compelling arbitration under section 206 of this title; or

(4) refusing to enjoin an arbitration that is subject to this title.

Judicial Improvements & Access to Justice Act of 1988, Pub.L. No. 100–702 § 1019, 102 Stat. 4642, 4670–71 (1988).

This new section clarifies congressional intent regarding appealability of arbitration orders, but does not change the result of our decision. In the instant case, the order staying proceedings pending arbitration is not listed as one of the appealable orders in § 15(a)(1), nor is it within the meaning of § 15(a)(2). Our prior opinion adequately explains why the order is not a final decision within the meaning of § 15(a)(3), and thus the order is interlocutory and unappealable as specified in § 15(b)(1).