Jerald A. **TURBOFF,**
**Plaintiff–Appellant,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Defendant–Appellee.**

No. 88–2549.

United States Court of Appeals, Fifth Circuit.

March 23, 1989.

---

1. 858 F.2d 1010, 1012 (footnote omitted).

Robert A. Markowitz, Morris Tabak, Houston, Tex., for plaintiff-appellant.

Kathy D. Patrick, Gibbs & Ratliff, Houston, Tex., for defendant-appellee.

Before JOHNSON, DAVIS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Rare is the occasion that Congress passes an act after the district court's ruling in a case, telling us how to dispose of the appeal. In this case, Congress amended the Federal Arbitration Act,[1] effective November 19, 1988, and by implication has decided that we may not exercise jurisdiction over the pending appeal from a district court's orders compelling arbitration and granting a stay pending arbitration. Judicial Improvements & Access to Justice Act of 1988, Pub.L. No. 100–702, § 1019, 102 Stat. 4642, 4670–71 (1988) [hereinafter referred to as Section 1019]. A recent opinion of our Court, reviewing our precedents and the impact of this law, confirms that this appeal must be dismissed. *See Jolley v. Paine Webber Jackson & Curtis,* 864 F.2d 402 (5th Cir.1989) supplemental, 867 F.2d 891 (5th Cir.1989).

I.

Turboff, a debtor-in-possession whose estate owned a margin account with Merrill Lynch, filed suit against his broker in the state court of Harris County, Texas alleging various state law causes of action. In February 1988, Merrill Lynch removed the case to federal court and sought an order compelling Turboff to arbitrate his claims in accordance with the terms of an arbitration agreement he had signed.[2] Turboff then moved to remand the case to state court, contending that Merrill Lynch's statutory consent to service of process in Texas precluded the company from exercising its federal statutory right to remove. At the conclusion of a pretrial conference, the district court entered three orders: the judge denied Turboff's motion to remand, ordered Turboff to proceed to arbitration in accordance with his agreement, and stayed proceedings in the district court pending completion of the arbitration.

Turboff neither sought nor obtained a certification that any of these orders involved a controlling question of law as to which there is a substantial ground for difference of opinion, as required by 28 U.S.C. § 1292(b) (1982 & Supp. IV 1987). Notwithstanding this failure, Turboff argues in his brief to this Court that, for various reasons, the district court's orders are, separately or taken together, final for purposes of appeal.

II.

Prior to the passage of Section 1019, the question of our appellate jurisdiction might have been considerably more complex. In 1974, our Court arguably ruled that orders compelling arbitration are appealable final orders when entered in an action at law. *City of Naples v. Prepakt Concrete Company,* 494 F.2d 511, 512 (5th Cir.1974).[3] This decision, although apparently inconsistent with that of the Supreme Court in *Schoenamsgruber v. Hamburg American Lines,* 294 U.S. 454, 456, 55 S.Ct. 475, 476, 79 L.Ed. 989 (1935) and those of other circuit courts[4], might have bound us unless overturned by a decision of the Court en

---

**1.** 9 U.S.C. § 1 et seq. (1982).

**2.** The arbitration clause in Turboff's Cash Management Account Agreement with Merrill Lynch provided that he would submit "any controversy between us arising out of your [Merrill Lynch's] business or this agreement" to arbitration.

**3.** In *Jolley,* supra, we have concluded that *City of Naples'* statement regarding the court's jurisdiction was "not necessary to the basic ruling of

that case," and, in any event, *City of Naples* has been "overtaken by the Supreme Court's decision in *Gulfstream.*"

**4.** *Olson v. Paine, Webber, Jackson & Curtis, Inc.,* 806 F.2d 731 (7th Cir.1986); *Hartford Financial Systems, Inc. v. Florida Software Services, Inc.,* 712 F.2d 724 (1st Cir.1983); *Standard Chlorine of Delaware, Inc. v. Leonard,* 384 F.2d 304 (2d Cir.1967); and *Rogers v. Schering Corp.,* 262 F.2d 180, 182 (3rd Cir.1959).

banc. Less troubling was the possible appealability of the district court's order staying the case pending arbitration. The Supreme Court recently decided that orders "granting or denying stays of 'legal' proceedings on 'equitable' grounds are not automatically appealable under § 1292(a)(1)." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 1142, 99 L.Ed.2d 296 (1988). With few exceptions,[5] the Supreme Court foreclosed the appeal of stays issued pending arbitration.

Congress, acting upon the 1986 recommendations of the Judicial Conference, clarified the appealability standards for orders granting or denying arbitration. Newly enacted Section 1019 amends the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (1982) as follows:

15. Appeals

(a) An appeal may be taken from—

  (1) an order—

    (A) refusing a stay of any action under section 3 of this title,

    (B) denying a petition under section 4 of this title to order arbitration to proceed,

    (C) denying an application under section 206 of this title to compel arbitration,

    (D) confirming or denying confirmation of an award or partial award, or

    (E) modifying, correcting, or vacating an award;

  (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

  (3) a final decision with respect to an arbitration that is subject to this title.

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—

  (1) granting a stay of any action under section 3 of this title;

  (2) directing arbitration to proceed under section 4 of this title;

  (3) compelling arbitration under section 206 of this title; or

  (4) refusing to enjoin an arbitration that is subject to this title.

This language was intended to permit interlocutory appeals of orders favoring litigation over arbitration while precluding our jurisdiction to review an interlocutory order that either: (1) stays an action in court pending arbitration, (2) directs or compels arbitration, or (3) refuses to enjoin an arbitration governed by the Federal Arbitration Act. *Committee on the Judiciary, 100th Cong., 2D Sess., Section by Section Analysis on S. 1482 § 134 Cong.Rec. S16309 (1988).* The Judiciary Committee's section by section analysis on this provision also observes, however, that it does not solely favor the arbitration process, because appeals may still be taken from final judgments concerning arbitration or pursuant to a 28 U.S.C. § 1292(b) certificate.

■ This statute is plainly applicable to the pending appeal.[6] It implicitly overrides *City of Naples, supra,* in that a rule regarding every order compelling arbitration as "final" and appealable would completely undermine Congress's effort to thwart appeals of such orders. Section 1019 also eliminates any vestige of uncertainty surrounding the scope of *Gulfstream, supra,* in arbitration cases. In any event, the opinion in *Jolley* reaches by a slightly different path the same result regarding *City of Naples* and *Gulfstream* and is equally binding upon our panel. Thus, in the absence of a § 1292(b) certificate from the district court, we have no jurisdiction over

---

**5.** Appeals of such stays may still be sought pursuant to § 1292(b) and under writ of mandamus. *Gulfstream,* 485 U.S. at —, 108 S.Ct. at 1142–43 (1988). Our Court has recently held that the collateral-order doctrine does not apply to orders denying or granting stays pending arbitration. *Rauscher Pierce Refsnes, Inc. v. Birenbaum,* 860 F.2d 169 (5th Cir.1988); *see also Jolley, supra.*

**6.** Our recent decision in *Rauscher Pierce Refsnes, Inc. v. Birenbaum,* 860 F.2d 169 (5th Cir.1988) is not to the contrary, having been decided two days before Section 1019 became effective.

its interlocutory orders concerning arbitration.

Although *Jolley* independently settles the jurisdictional issue, we also note that Section 1019 applies even though it was passed after the district court ruled in this case.

 Generally speaking, an appellate court must apply the law in effect at the time it decides the case. *Antoine v. United States Postal Service*, 781 F.2d 433, 437 n. 5 (5th Cir.1986); *Gulf Offshore Co. v. Mobile Oil Corp.*, 453 U.S. 473, 486 n. 16, 101 S.Ct. 2870, 2879 n. 16, 69 L.Ed.2d 784 (1981) (citations omitted). When Congress adopts statutory changes while a suit is pending, the effect of which is not to eliminate a substantive right but rather to "change the tribunal which will hear the case," those changes—barring specifically expressed intent to the contrary—will have immediate effect. *Hallowell v. Commons*, 239 U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409 (1916) (statute immediately divested district court of jurisdiction). See also *Montana Power Co. v. Federal Power Comm'n*, 445 F.2d 739 (D.C.Cir.1970). We have faced similar situations before. In *United States v. Vanella*, 619 F.2d 384 (5th Cir.1980), we found that statutory changes to the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, suspending the operation of the dismissal sanction took immediate effect. This decision was guided by our view that statutory changes which are procedural or remedial in nature are to be applied retroactively. *See generally Vanella*, 619 F.2d at 386 (citations omitted).

Section 1019 introduces procedural changes to the enforcement of arbitration clauses; it does not affect substantive rights. *See Montana Power Company v. Federal Power Commission*, 445 F.2d 739, 747–48. Therefore Section 1019 must be applied to this dispute.

Having disposed of the arbitration-related jurisdictional issues, we find ourselves on familiar soil. Turboff appeals the district court's denial of his motion to remand the case to the state court. It is well-settled that we lack jurisdiction over such an interlocutory order of the district court.

*Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir.1981).

Congress and our Court have both decided that, except in limited instances, parties should not expend their time and resources appealing a district court's orders that favor arbitration. We obey the command.

The appeal is *DISMISSED*.