Theodore PURDY, Theodore Purdy, independent executor of the Estate of Marguerite Purdy; Theodore Purdy, Trustee; and Teddy C. Purdy, Plaintiffs–Appellants,

v.

MONEX INTERNATIONAL LTD. and Monex Trading Corporation, Defendants–Appellees.

No. 88–2255.

United States Court of Appeals, Fifth Circuit.

March 24, 1989.

Rehearing Denied April 25, 1989.

W.H. McCutchen, Houston, Tex., for plaintiffs-appellants.

Neil A. Goteiner, Andrew Bridges, San Francisco, Cal., for defendants-appellees.

Before JOHNSON, DAVIS and JONES, Circuit Judges.

PER CURIAM:

Appellants in this case are two individuals (one acting for himself and as executor and trustee) who had twelve trading accounts and engaged in numerous commodities transactions with defendant Monex International Ltd. They signed at least thirteen arbitration agreements respecting "any controversy or claim arising out of or relating to" their accounts. After suffering trading losses for several years, plaintiffs filed a reparations complaint against appellees with the Commodities Futures Trading Corp. While that proceeding was pending, they filed an action under Texas law against appellees (Monex) in the district court of Harris County, Texas.

Monex removed this action to the United States district court, where it responded with a motion to stay pending arbitration and to compel arbitration according to the parties' agreements. The district court

held a scheduling conference and, as it agreed with Monex's request to arbitrate, it ordered a stay of the federal action pending arbitration and ordered that the parties arbitrate the dispute in Los Angeles, California, according to their contractual forum selection cause. Plaintiffs have appealed, seeking invalidation of the arbitration agreements as well as reversal of the court's orders granting a stay and compelling arbitration. Based on our decision issued concurrently herewith in *Turboff v. Merrill Lynch*, 867 F.2d 1518 (5th Cir. 1989), we have no jurisdiction and accordingly dismiss the appeal.

■ *Turboff* held that the amendment to the Federal Arbitration Act, which became effective November 19, 1988, applies to actions pending on appeal on the date thereof. The Act provides that appeals may not be taken from interlocutory district court orders that favor arbitration over litigation, although orders with the contrary result may be appealed. *See also Jolley v. Paine Webber Jackson & Curtis, Inc.*, 864 F.2d 402 (5th Cir.1989); supplemented, 867 F.2d 891 (5th Cir.1989) (orders granting stays or compelling arbitration are interlocutory and not appealable). With one exception, there is no material difference between the facts in *Turboff* and *Jolley* and this case, and the result must be the same.

■ The district court here ordered arbitration in California according to the parties' agreement. We have previously held that, although § 4 of the Arbitration Act, 9 U.S.C. § 4, is somewhat unclear, a district court has the authority to order arbitration outside the district if the party seeking such a result has not waived his choice of forum. *Dupuy–Bushing General Agency v. Ambassador Insurance*, 524 F.2d 1275 (5th Cir.1975). *See also National Iranian Oil Company v. Ashand Oil, Inc.*, 817 F.2d 326, 331 (5th Cir.1987). In one of their voluminous pleadings with this court, appellants contend that the district court's stay must be treated as a final order in this case, because, after the parties have arbi-

trated in California, the Texas court will have no jurisdiction to entertain a suit concerning the arbitration award. Appellants would here rely on § 9 of the Arbitration Act, 9 U.S.C. § 9, which states:

> If no court is specified in the agreement of the parties [to arbitrate], then such application [for enforcement of the award] may be made to the United States court in and for the district within which such award was made.

We have uncovered little authority interpreting this provision, but we are not reluctant to hold that it does not establish an exclusive forum for suits upon arbitral awards. Rather, the section says only that a party *may* apply to the federal court in the district where the award was entered to seek its enforcement. This language does not prevent the court in the Southern District of Texas, which stayed the appellants' action pending California arbitration, from re-opening that action after arbitration is concluded. As one court aptly pointed out, to conclude otherwise would seriously conflict with § 3 of the Arbitration Act which authorizes stays of litigation, because a "stay" order entered in a forum other than that where arbitration would occur could only lead to ultimate dismissal. *NII Metals Services, Inc. v. ICM Steel Corp.*, 514 F.Supp. 164 (N.D.Ill.1981). Consequently, the district court's stay in this case was an interlocutory order, and according to *Turboff, Jolley* and the recently enacted statute, we have no jurisdiction over this appeal.

APPEAL DISMISSED.