UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 92-3244

_____

WEST OF ENGLAND SHIP OWNERS MUTUAL
INSURANCE ASSOCIATION (LUXEMBOURG),

Plaintiff-Appellee,

VERSUS

AMERICAN MARINE CORPORATION, ET AL.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana

_____


*************************************************************

_____

No. 92-3724

_____

IN RE:     AMERICAN MARINE CORPORATION, AMERICAN
           MARINE HOLDING COMPANY, OIL TRANSPORT
           COMPANY, INC., LOUISIANA MATERIALS
           CO., INC., CAJUN CRANE COMPANY,
           AGGREGATE BARGES, INC., BAYOU FLEET,
           INC., FRERE COMPANY, MODERN BARGE
           COMPANY, LESLIE B. DURANT, GRAND
           MARINE SENECA BARGE COMPANY, INC.,
           OISEAU BROTHERS AUDUBON COMPANY,
           DUROW CORPORATION, DUMUR CORPORATION
           and NOE BARGE COMPANY,

Petitioners.

_____

Petition for Writ of Mandamus to the United States
District Court for the Eastern District of Louisiana

_____

(January 6, 1993)

Before JONES and BARKSDALE, Circuit Judges, and JUSTICE,[1] District Judge.

BARKSDALE, Circuit Judge:

As in ***McDermott Int'l v. Underwriter's at Lloyds***, ___ F.2d ____ (5th Cir. _____, 1992), decided contemporaneously with this case, the principal issue at hand is the appealability *vel non* of an order compelling arbitration. American Marine Corporation and others (collectively, "Oil Transport") appeal from district court orders compelling arbitration of a dispute with West of England Ship Owners Mutual Insurance Association (Luxembourg) ("Association"), pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), 9 U.S.C. § 201 *et seq.*, and staying litigation pending arbitration. In the alternative, Oil Transport seeks a writ of mandamus. We hold that the arbitration orders are interlocutory, not final. Because § 16 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, provides that such orders are not appealable, and because this case does not warrant mandamus, we **DISMISS** the appeal and **DENY** the writ.

I.

From 1986 to 1990, Oil Transport entered the Association, a foreign insurance association, to insure its vessels. Participants in the Association are governed by its rules, one of which requires arbitration in London of all disputes.[2] A dispute arose when the

_____

[1] District Judge for the Eastern District of Texas, sitting by designation.

[2] Rule 62 ("Arbitration") requires arbitration of "any difference or dispute ... arising out of any contract between the Member ... and the Association as to the rights or obligations of

- 2 -

Association charged that Oil Transport had not timely paid calls (premiums).

The Association notified Oil Transport in July 1991 that it wished to arbitrate the dispute. Instead, Oil Transport filed suit in Louisiana state court against the Association and three related parties, asserting claims under Louisiana law, and seeking declaratory and injunctive relief against arbitration. The Association then sued in federal district court to compel arbitration, and removed the state action to that court. In October 1991, the district court consolidated the two actions.

Oil Transport filed a number of motions, seeking to remand the state case, vacate the consolidation, dismiss the Association's complaint for lack of jurisdiction, and enjoin the Association from pursuing proceedings it had filed in England.[3] The Association moved to compel arbitration pursuant to the Convention. In February 1992, the district court denied Oil Transport's motions, issued an order compelling arbitration, and stayed the proceeding as to all defendants, including those not subject to the arbitration agreement.

## II.

For review of the arbitration orders, Oil Transport advances three alternative bases for our jurisdiction.[4] As hereinafter

the Association or the Member ... or as to any other matter whatsoever".

[3] In November 1991, the Association had commenced an action in London to appoint an arbitrator.

[4] Permissive 28 U.S.C. § 1292(b) jurisdiction is not asserted.

- 3 -

discussed, we lack jurisdiction; therefore, we do not reach the merits of the district court's ruling.[5]

A.

First, Oil Transport contends that the orders are appealable under § 16(a) of the FAA, which allows appeals, *inter alia*, from "a final decision with respect to an arbitration".  9 U.S.C. § 16(a)(3).  It asserts that the orders are final in the context of the Association's district court action to compel arbitration, as originally filed, because they dispose of the only issue presented in that action -- arbitrability.[6]

The Association responds that the orders are interlocutory, not final, because the consolidated claims that are pending present additional unresolved issues.  It asserts that appeal is therefore barred by § 16(b) of the FAA, which applies to interlocutory orders compelling arbitration and staying litigation in cases subject to the FAA or the Convention.  *See* 9 U.S.C. § 16(b); ***McDermott Int'l v. Underwriters at Lloyds***, ___ F.2d ___ (5th Cir. _____, 1992).

In ***McDermott***, we held that where consolidation of an independent proceeding to compel arbitration with one or more

---

[5]     One of those issues is the interplay between § 16 of the FAA, discussed *infra*, and the McCarran-Ferguson Act, 15 U.S.C. § 1101, *et seq*. (regulation of the business of insurance for the States). *See* 15 U.S.C. § 1012(b).  Pursuant to this authority, Louisiana has prohibited arbitration clauses in insurance policies.  *See* La. Rev. Stat. 22:629; ***Doucet v. Dental Health Plans Management Corp.***, 412 So.2d 1383, 1384 (La. 1982).

[6]     Oil Transport's notice of appeal references only the Association's arbitration action, and does not include the removed state action consolidated with it.  Obviously, this has no effect on whether the arbitration order is appealable.

- 4 -

actions rendered the cases a single judicial unit, orders compelling arbitration and staying litigation were considered interlocutory, not final, for § 16 purposes. The consolidation orders in this case are identical to those we addressed in *McDermott*; we find it controlling.[7] Accordingly, the orders were interlocutory, and appeal is barred by § 16(b). *See* **id.**

## B.

Second, Oil Transport attempts to invoke jurisdiction under the collateral order doctrine. (That doctrine is discussed in note 9, *infra*). This court, however, has rejected application of that doctrine in cases such as this. *See* **Turboff v. Merrill Lynch, Pierce, Fenner & Smith, Inc.**, 867 F.2d 1518, 1520 n.5 (5th Cir. 1989); **Jolley v. Paine Webber Jackson & Curtis, Inc.**, 864 F.2d 402, 404 (5th Cir.), *supplemented,* 867 F.2d 891 (5th Cir. 1989); **Rauscher Pierce Refsnes, Inc. v. Birenbaum**, 860 F.2d 169, 171-72 (5th Cir. 1988).[8]

## C.

Finally, Oil Transport contends that this court may review the district court's decision under an application for a writ of

---

[7] Here, as in **McDermott**, the cases were broadly consolidated "for disposition" because they "[grew] out of the same factual situation".

[8] It may well be that, because § 16(b) expressly *bars* appeal, the collateral order doctrine would not apply even if its requirements were satisfied; the doctrine falls under § 1291 jurisprudence, while § 16 jurisdiction does not. However, we need not consider this question.

mandamus. For the reasons stated in *McDermott*, ___ F.2d at ___, this case does not justify that extraordinary remedy.

## III.

We find no merit in the other issues raised by Oil Transport touching on jurisdiction.[9] For the foregoing reasons, the appeal is **DISMISSED,** and the application for a writ of mandamus is **DENIED.**

---

[9] First, because there has been no final order in the case, we cannot address Oil Transport's separate challenge to the district court's interlocutory order denying its motion to dismiss for lack of jurisdiction. *See* 28 U.S.C. § 1291. Because the Association failed to do so, we address this jurisdictional point *sua sponte*. *See* *England v. Federal Deposit Insurance Corp.*, 975 F.2d 1168, 1171 (5th Cir. 1992).

Furthermore, the denial does not place this case within that "very narrow class of cases" in which interlocutory appeal is permissible under the collateral order doctrine, because it is not "effectively unreviewable on appeal from a final judgment". *United States v. Hashagen*, 716 F.2d 1454, 1454-55 (5th Cir. 1983) (holding denial of motion to dismiss indictment for lack of jurisdiction in the district court not reviewable under § 1291); *see also* *Louisiana Ice Cream Distributors, Inc. v. Carvel Corp.*, 821 F.2d 1031, 1032-33 (5th Cir. 1987) (holding denial of motion to dismiss for improper venue not reviewable under § 1291).

Likewise, Oil Transport asserts that the Association's federal action should be dismissed because it should have been brought as a compulsory counterclaim in state court. Oil Transport devotes only two paragraphs to the argument in support of this contention, and we find its sparse legal authority unpersuasive. In any event, this issue was not presented to the district court; and, no authority need be cited for our not addressing it on appeal for the first time.