**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 92-3622**
_____

**McDERMOTT INTERNATIONAL, INC.,**

**Plaintiff-Appellant,**

**versus**

**UNDERWRITERS AT LLOYDS SUBSCRIBING**
**TO MEMORANDUM OF INSURANCE NO. 104207,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____

(January 6, 1993)

Before JONES and BARKSDALE, Circuit Judges, and JUSTICE,[1] District
Judge.

BARKSDALE, Circuit Judge:

The determinative starting point for this appeal by McDermott
International, Inc., is whether the district court orders
compelling arbitration of McDermott's dispute with certain
Underwriters at Lloyds and staying litigation pending arbitration
are interlocutory, not final. Because we hold that they are the
former, and because § 16 of the Federal Arbitration Act, 9 U.S.C.
§ 1 _et seq._, prohibits appeal from such orders, we **DISMISS** for lack
of jurisdiction. Likewise, we **DENY** the alternative application for
a writ of mandamus.

---

[1]    District judge for the Eastern District of Texas, sitting by
designation.

I.

McDermott, a Panamanian corporation headquartered in Orleans Parish, had an insurance policy with Underwriters that covered the operations of one of McDermott's subsidiaries. The policy required arbitration of "[a]ll differences arising out of this contract". In 1989, the subsidiary's property was damaged; and McDermott submitted a policy claim. Maxson Young Associates, Inc., was retained to adjust the loss. Underwriters denied coverage, and this litigation ensued.

Beginning in late 1990, McDermott filed two actions in Louisiana state court against Underwriters: one for contract damages; the other for a declaratory judgment to block arbitration sought by Underwriters. Invoking the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.*, Underwriters removed both actions to federal district court, where they were consolidated.

The district court remanded the cases to state court, holding that a service-of-suit clause in the policy waived Underwriters' removal rights; but this court vacated that order. *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199 (5th Cir. 1991). Three additional actions were consolidated into the action: a state court suit, removed through diversity, by McDermott against the adjuster, Young, alleging that an unauthorized coverage letter contractually obligated Young to pay for the loss; and two diversity actions by Underwriters against Young, seeking

2

indemnification for any damages awarded McDermott against Underwriters.

Underwriters' motion to compel arbitration and stay litigation pending arbitration was granted in February 1992. The stay extended not only to the parties to the arbitration agreement, but also to those parties and claims not subject to arbitration.

## II.

## A.

Because this appeal turns on jurisdiction, we do not reach the issues raised by McDermott -- essentially, whether compelling arbitration was erroneous. Underwriters contends that we lack jurisdiction, maintaining that appeal from the district court's orders is barred by § 16 of the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.* That section, 9 U.S.C. § 16, governs appellate jurisdiction over orders affecting arbitration, whether issued under the FAA or the Convention.[2] *See* 9 U.S.C. § 208.

---

[2] Section 16 provides:

> (a) An appeal may be taken from --
>
> (1) an order --
>
> (A) refusing a stay of any action under section 3 of this title,
>
> (B) denying a petition under section 4 of this title to order arbitration to proceed,
>
> (C) denying an application under section 206 of this title to compel arbitration,
>
> (D) confirming or denying confirm-action of an award or partial award, or
>
> (E) modifying, correcting, or vacating an

3

The FAA manifests a "liberal federal policy favoring arbitration". *Gilmer v. Interstate/Johnson Lane Corp.*, ___ U.S. ___, 111 S. Ct. 1647, 1651 (1991) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983)). Section 16 promotes this policy "by permitting interlocutory appeals of orders favoring litigation over arbitration and precluding review of interlocutory orders that favor arbitration." *Forsythe Int'l, S.A. v. Gibbs Oil Co. of Texas*, 915 F.2d 1017, 1020 (5th Cir. 1990). It "does not solely favor the arbitration process, [however,] because appeals may still be taken from final judgments concerning arbitration or pursuant to a 28 U.S.C. § 1292(b) certificate."

---

award;

(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3) a final decision with respect to an arbitration that is subject to this title.

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order --

(1) granting a stay of any action under section 3 of this title;

(2) directing arbitration to proceed under section 4 of this title;

(3) compelling arbitration under section 206 of this title; or

(4) refusing to enjoin an arbitration that is subject to this title.

9 U.S.C. § 16.

***Turboff v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.***, 867 F.2d 1518, 1520 (5th Cir. 1989); 9 U.S.C. § 16(a)(3)(b).[3]

The orders staying the litigation and compelling arbitration, if interlocutory, clearly fall under § 16(b), which prohibits appeals from orders "granting a stay of any action under section 3 of this title" and "compelling arbitration under section 206 of this title".  9 U.S.C. §§ 16(b)(1) & (b)(3).  As noted, if final, § 16(a)(3) allows appeal.  Therefore, at issue is whether the orders are interlocutory or final.

An order is considered final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  ***Catlin v. United States***, 324 U.S. 229, 233 (1945).[4]  In determining whether an order affecting arbitration is final or interlocutory, most courts distinguish between arbitration actions that are "independent" and those that are "embedded" among other claims.  Generally, if the only issue before the court is the dispute's arbitrability, the action is considered independent and a court's decision on that issue constitutes a final decision.  *See, e.g.,* ***Matter of Chung and President Enters. Corp.***, 943 F.2d 225, 228 (2d Cir. 1991). If, however, the case includes other

---

[3]    Permissive § 1292(b) jurisdiction is not before us.  The district court declined to so certify this matter.

[4]    Because § 16 does not define "interlocutory" and "final", we look for guidance to cases interpreting those terms in the context of 28 U.S.C. § 1291.  *See, e.g.,* ***Turboff v. Merrill Lynch, Pierce, Fenner & Smith, Inc.***, 867 F.2d 1518, 1520 (5th Cir. 1989) (relying on the finality determination reached by "a slightly different path" in a pre-§ 16 case, ***Jolley v. Paine Webber Jackson & Curtis, Inc.***, 864 F.2d 402 (5th Cir.), *supplemented*, 867 F.2d 891 (5th Cir. 1989)).

claims for relief, an arbitrability ruling does not "end the litigation on the merits", but is considered interlocutory only. *See, e.g., **Construction Laborers Pension Trust v. Cen-Vi-Ro Concrete Pipe & Prods. Co., Inc.***, 776 F.2d 1416, 1420 n.5 (9th Cir. 1985); ***Wilson Wear, Inc. v. United Merchants & Mfrs., Inc.***, 713 F.2d 324, 326 (7th Cir. 1983); ***Langley v. Colonial Leasing Co. of New England***, 707 F.2d 1, 4 (1st Cir. 1983). Although this circuit has never been called upon to apply the distinction, it has acknowledged its existence. *See **Jolley v. Paine Webber Jackson & Curtis, Inc.***, 864 F.2d 402, 405 & n.3 (5th Cir.) *supplemented*, 867 F.2d 891 (5th Cir. 1989).

McDermott maintains that the decision was final in its own "judicial context",[5] because the only jurisdictional basis for the original suit's removal to federal court was the question of arbitrability under the Convention. It denies the relevance of both the state law claims raised in the original suit and the other suits that were later consolidated with it. On the other hand, Underwriters asserts that because the arbitrability issue is embedded among other claims, the district court's decision cannot be deemed to have ended the litigation on the merits.

We agree with Underwriters. When the cases were consolidated pursuant to Fed. R. Civ. P. 42(a), they became a single judicial unit, as described in ***Road Sprinkler Fitters Local Union v.***

---

[5]  In support of its argument, McDermott quotes Siegel, ***Appeals from Arbitrability Determinations Under the New § 15 of the U.S. Arbitration Act***, 126 F.R.D. 589, 591 (1989). (Section 16 was formerly 15.)

*Continental Sprinkler Co.*, 967 F.2d 145, 151 (5th Cir. 1992). The consolidation orders broadly indicated that the cases were being consolidated "for disposition" because they grew out of the same factual situation. As in *Road Sprinkler*, "[t]here is no indication that the district court consolidated the cases only for limited purposes." *Id.* Furthermore, at least some of the suits could have been brought as a single action originally, and all are "based largely on the same operative facts." *See id.*

Because the interpretation urged by McDermott ignores the broad scope of the consolidation orders, we hold that the finality of the arbitration decision depends upon the present posture of the case, not on the narrow context in which the arbitrability question first arose. *Accord, Middleby Corp. v. Hussman Corp.*, 962 F.2d 614, 615 (7th Cir. 1992) (stating that where two suits were consolidated for all purposes under Fed. R. Civ. P. 42(a), only a "final decision on the full proceeding" is considered final under 28 U.S.C. § 1291). Therefore, we do not address whether the orders would have been considered final absent the consolidation.

Fifth Circuit precedent firmly establishes that, in pending, nonindependent suits, an order compelling arbitration accompanied by a stay of the proceedings pending arbitration is not a final decision for purposes of § 16(a)(3). *See Turboff*, 867 F.2d at 1520-21; *Purdy v. Monex Int'l, Ltd.*, 867 F.2d 1521, 1523 (5th Cir.), *cert. denied*, 493 U.S. 863 (1989). Although presently stayed, the indemnification claims between Underwriters and Young remain pending before the district court, and will have to be

7

addressed following arbitration.  And, McDermott's claim against Young, based on the alleged unauthorized coverage letter, also awaits resolution.  Additionally, further proceedings between McDermott and Underwriters will be required not only to confirm an arbitral award, but also to determine the effect of arbitration on McDermott's original contract claims against Underwriters.  *See Jolley*, 864 F.2d at 405.  With these matters still pending, the district court's orders clearly did not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment."  *Catlin*, 324 U.S. at 233.

Because the district court's orders were interlocutory, not final, appeal is barred by § 16(b).

2.

Alternatively, McDermott urges us to review the orders under an application for a writ of mandamus.[6]  This court has recognized that such review may be available.  *See Turboff*, 867 F.2d at 1520 n.5.  But, needless to say, the writ is an extraordinary remedy, reserved for extraordinary situations.  *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988).  Traditionally, federal courts have exercised their mandamus power only "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so."  *Id.* at 289 (quoting *Roche v. Evaporated Milk*

---

[6]  A separate petition for the writ (No. 92-3621) was denied by a motions panel of this court on July 28, 1992.  That panel noted, however, that the alternative request for mandamus contained in McDermott's appellate brief would be considered with the appeal. We now consider that request.

*Ass'n*, 319 U.S. 21, 26 (1943)). The party seeking mandamus has the burden of demonstrating a "clear and indisputable" right to it. *See **Gulfstream***, 485 U.S. at 289 (quoting ***Bankers Life & Cas. Co. v. Holland***, 346 U.S. 379, 384 (1953)). Here, that burden is particularly heavy, because Congress has expressly limited interlocutory review of a district court decision on arbitration.

McDermott has failed to satisfy this most demanding standard. The district court did not clearly overstep its authority when it granted the order compelling arbitration and stayed further proceedings pending that arbitration. Moreover, it is more than well settled that a writ of mandamus is not to be used as a substitute for appeal, *see **In re Cajun Elec. Power Co-Op., Inc.***, 791 F.2d 353, 365-66 (5th Cir. 1986); and we see no reason why all issues presented in this appeal cannot be raised in an appeal after the arbitration is completed and a final judgment entered.

### III.

Congress has forbidden the appeal of interlocutory orders favoring arbitration, intending that the parties first submit to arbitration. Accordingly, this appeal is **DISMISSED** and the application for a writ of mandamus **DENIED**.