**Kelsey MAYE, et al., Plaintiffs,**

v.

**SMITH BARNEY INC.,
et al., Defendants.**

**No. 95 Civ. 1878 (CBM).**

United States District Court,
S.D. New York.

Oct. 31, 1995.

Eugene P. Cimini, Jr., Randi–Sue Weinburg, Jaspan, Ginsberg, Ehrlich, Schlesinger, Silverman & Hoffman, Garden City, NY, for Plaintiffs.

Andrea H. Stempel, Stuart H. Bompey, Orrick, Herrington & Sutcliffe, New York City, for Defendants Smith Barney, Inc. & Kenneth Shaw.

John E. Lopis, Law Offices of Sal Greenman, Fair Lawn, NJ, for Defendant Robert M. Skelton.

### OPINION ON REQUEST FOR LEAVE TO APPEAL

### MEMORANDUM OPINION

MOTLEY, District Judge.

By order and opinion dated August 17, 1995, this court referred the instant matter to arbitration because of the existence of binding agreements between the parties to arbitrate the instant dispute. *See, Maye v. Smith Barney, Inc.,* 897 F.Supp. 100 (S.D.N.Y.1995) (hereinafter "August 17th Opinion"). Plaintiffs now move under 28 U.S.C. § 1292(b) for this court to certify the August 17th Opinion for appeal. For the reasons set forth herein, the plaintiffs' request for leave to appeal is denied in all respects.

### BACKGROUND

The underlying facts of the instant case are set forth in this court's August 17th Opinion. Stated briefly, plaintiffs allege to have suffered discrimination in the terms of their employment on the basis of their race, as well as "same-sex" sexual harassment, all at the hands of defendants.[1] *See* August 17th Opinion, 897 F.Supp. at 103–05.

Defendants moved to dismiss plaintiffs' action, or, in the alternative, to have the court direct the parties to arbitrate the plaintiffs'

claims based on arbitration clauses found in prior agreements between the parties. In opposition to the request to compel arbitration, plaintiffs argued that even if they had entered into agreements to arbitrate disputes arising out of their employment, they did not understand such agreements and thus they could not be bound by the provisions thereof. Finding the agreements to arbitrate clearly binding and the issues in dispute appropriate for arbitration, the court ruled in favor of defendants on their request to compel arbitration and did not reach the issues contained in the motion to dismiss. *Id.* at 107–10.

Plaintiffs now request leave to appeal the August 17th Opinion under 28 U.S.C. § 1292(b) on two grounds. First, plaintiffs argue that the August 17th Opinion warrants review in its entirety. Second, plaintiffs argue further that the validity of their underlying claims alleging "same-sex" sexual harassment—a question that has not been addressed by the Second Circuit or the district courts therein—is an issue appropriate for appeal.

### DISCUSSION

■■■ The Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq.*, expresses a strong federal policy favoring arbitration of disputes and was enacted by Congress "to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 219–220, 105 S.Ct. 1238, 1241–1242, 84 L.Ed.2d 158 (1985); *See also, Collins & Aikman Products Co. v. Building Systems, Inc.,* 58 F.3d 16, 19 (2d Cir.1995). Generally, a court should enforce an agreement to arbitrate unless one of the following factors is met: 1) the dispute at issue is outside the FAA's reach by order of Congress, *McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Company,* 858 F.2d 825, 831 (2d Cir.1988); 2) the parties' agreement to arbitrate does not extend to the subject matter of the conflict between them, *Shear-*

---

**1.** Plaintiffs allege violations of the following federal and state statutes: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (1994); the Civil Rights Act of 1991, 29 CFR § 1601, *et seq.* (1994); and, the New York Execu-

tive Law § 290, *et seq. See* August 17th Opinion, 897 F.Supp. at 103–05.

Defendants include Smith Barney and several individual employees (hereinafter "the defendants").

son/American Express Inc. v. McMahon, 482 U.S. 220, 226–227, 107 S.Ct. 2332, 2337–2338, 96 L.Ed.2d 185 (1987); or, 3) the arbitration agreement can be voided "upon such grounds as exist at law or equity for the revocation of a contract." 9 U.S.C. § 2. When the court determines that the parties before it have entered into a valid agreement to arbitrate the dispute between them and the type of dispute is not exempt from the FAA's requirements, the court should direct the parties to submit to arbitration. *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 844 (2d Cir.1987) (citations omitted).

 Section 16 of the FAA[2] governs appealability of arbitration orders under the Act. The FAA's general preference for arbitration is reflected in the carefully drawn provisions permitting limited appellate consideration of orders in favor of arbitration and ready review of orders against arbitration. *Landy Michaels Realty Corp. v. Local 32B–32J, Service Employees International Union*, 954 F.2d 794, 796–797 (2d Cir.1992). When a party seeks no relief from the court other than an order compelling arbitration, that request is considered "independent." Once the court reaches a final decision on such a request, whether in favor of arbitration or against it, that order is appealable. 9 U.S.C. § 16(a)(3). *North River Insurance Company v. Philadelphia Reinsurance Corporation*, 63 F.3d 160, 163 (2d Cir.1995). When a party in a pending lawsuit asks the court to compel arbitration of the issues in dispute, however, the request is considered "embedded" in that action, and appellate review of an order directing arbitration is al-most completely foreclosed until the arbitration runs its course. *Filanto, S.P.A. v. Chilewich International Corp.*, 984 F.2d 58, 60 (2d Cir.1993). Section 16(b) of the FAA, however, preserves the appealability of interlocutory orders as provided in 28 U.S.C. § 1292(b), and "orders directing the parties to arbitration are not appealable unless certified for interlocutory review" under § 1292(b). *Arnold v. Arnold Corporation*, 920 F.2d 1269, 1274 (6th Cir.1990); *See also, American Casualty Company of Reading Pennsylvania v. L–J, Inc.*, 35 F.3d 133, 135 n. 3 (4th Cir.1994); *Filanto, S.P.A. v. Chilewich International Corp.*, 984 F.2d at 60 n. 2; *McDermott International Inc. v. Underwriters at Lloyds Subscribing to Memorandum of Insurance No. 104207*, 981 F.2d 744, 746–747 (5th Cir.1993); *Sierra Rutile Limited v. Katz*, 937 F.2d 743, 748 (2d Cir.1991); *Turboff v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 867 F.2d 1518, 1520 (5th Cir. 1989).

 Despite the preference for arbitration over litigation manifested in the FAA generally, and § 16 in particular, 28 U.S.C. § 1292(b) is routinely invoked to permit interlocutory appellate review of orders in favor of arbitration where such review would have been otherwise barred by the provisions of 9 U.S.C. § 16. *See e.g., Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, —— U.S. ——, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995); *Stephens v. American International Ins. Co.*, 66 F.3d 41 (2d Cir.1995).

 In order to obtain permission from this court for leave to appeal the order directing the parties to submit to arbitration,

---

**2.** 9 U.S.C. § 16 (Supp. V. 1994) (formerly 9 U.S.C. § 15), provides:

(a) An appeal may be taken from—
 (1) an order—
 (A) refusing a stay of any action under section 3 of this title,
 (B) denying a petition under section 4 of this title to order arbitration to proceed,
 (C) denying an application under section 206 of this title to compel arbitration,
 (D) confirming or denying confirmation of an award or partial award, or
 (E) modifying, correcting, or vacating an award;
 (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3) a final decision with respect to an arbitration that is subject to this title.
(b) *Except as otherwise provided in section 1292(b) of title 28*, an appeal may not be taken from an interlocutory order—
 (1) granting a stay of any action under section 3 of this title;
 (2) directing arbitration to proceed under section 4 of this title;
 (3) compelling arbitration under section 206 of this title; or
 (4) refusing to enjoin an arbitration that is subject to this title.
(emphasis added).

plaintiffs must show that they meet the standard set forth in 28 U.S.C. § 1292(b): i.e., that said order involved a "controlling question of law as to which there is substantial ground for difference of opinion" and that interlocutory appeal of such question "may materially advance the ultimate termination of the litigation." *Id.*

Plaintiffs ask first for leave to appeal the August 17th Opinion under § 1292(b) in its entirety. Second, they argue that the *underlying action* contains an issue certifiable for immediate review under § 1292(b) that is separate and distinct from any of the provisions of the opinion for which leave to appeal is sought.

■ First, the court finds that the August 17th Opinion contains no issue meeting the § 1292(b) standard for interlocutory review. In its decision, the court followed the Second Circuit's analysis in *Genesco, Inc. v. T. Kakiuchi & Co., supra,* and found that both the presumption in favor of arbitration and well-settled rules of contract law established not only the validity and binding nature of the arbitration agreements between the parties but also these agreements' applicability to the underlying dispute. August 17th Opinion, 897 F.Supp. at 105–10. The court expressly finds that the order compelling arbitration involves no "controlling question of law" about which there could be "substantial ground for difference of opinion." Furthermore, granting appeal at this time would frustrate the pro-arbitration policy of the FAA and would not "materially advance the ultimate termination of the litigation" where the parties have not yet arbitrated their claims, a process which could narrow the issues in dispute. Accordingly, as plaintiffs' request for leave to appeal relates to those issues contained in the order it must be denied.

■ Second, plaintiffs argue further that an issue at the merits of the underlying dispute should be certified for appeal under § 1292(b). Interlocutory appeals in arbitration cases, where certified under 28 U.S.C. § 1292(b), are appropriate to review the district court's ruling concerning the propriety of arbitration in a given situation: e.g., to examine the substance of an order as it relates to the appropriateness of arbitration with regard to the issues in question, *Stephens v. American International Ins. Co., supra;* or, to determine the very existence of an underlying agreement to arbitrate. *Three Valleys Municipal Water District v. E.F. Hutton & Co., Inc.,* 925 F.2d 1136 (9th Cir. 1991). Plaintiffs submit that their claim for "same-sex" sexual harassment under Title VII is a novel one in this Circuit, for which there is "substantial ground for difference of opinion." Plaintiffs thus ask this court to certify a question for appeal concerning the underlying merits of the action even though the court expressly refused to reach the substantive issues of the case once the parties were directed to submit to arbitration.[3] Indeed, once the court found in favor of arbitration it was barred from addressing any issue going to the merits of the action. *See, e.g., AT & T Technologies v. Communications Workers of America,* 475 U.S. 643, 649–650, 106 S.Ct. 1415, 1418–1419, 89 L.Ed.2d 648 (1986). Section 1292(b) offers no relief to plaintiffs where the issue upon which this portion of plaintiffs' request is based was not addressed in the order for which leave to appeal is sought.[4] Moreover, it is important to note that such a request, if granted, would open the floodgates to requests for appellate advisory opinions whenever the district court directs arbitration and a party concocts an argument that the merits of the underlying dispute involve arguably unsettled issues of law.

If after arbitration the parties wish to challenge the outcome they obviously may.

---

**3.** As set forth earlier in this opinion, in addition to the request to compel arbitration, defendants' motion included a request for dismissal of plaintiffs' claims. The court granted the motion only to the extent of compelling the parties to submit to arbitration but did not rule on defendants' motion to dismiss, finding: "[s]ince applicable law prevents any examination of the underlying merits of the dispute once it is clear that arbitra-

tion must be compelled, Defendants' motion should be granted only insofar as it seeks arbitration." 897 F.Supp. at 104.

**4.** Section 1292(b) requires that *"such order* involve[ ] a controlling question of law as to which there is substantial ground for difference of opinion ..."* (emphasis added).

*See, e.g.,* 9 U.S.C. §§ 10–11; *First Options of Chicago, Inc. v. Kaplan,* — U.S. ——, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995); *W.K. Webster & Co. v. American President Lines, Ltd.,* 32 F.3d 665 (2d Cir.1994); *In re American Marine Holding Company,* 14 F.3d 276, 277 (5th Cir.1994). Given the strong federal policy favoring arbitration, plaintiffs cannot obtain appellate review of an issue concerning the merits of plaintiffs' underlying case that was not addressed in the order for which leave to appeal is sought. *Cf., Commonwealth Ins. Co. v. Underwriters, Inc.,* 846 F.2d 196, 199 (3rd Cir.1988) (finding "[r]outine interlocutory consideration of stays pending arbitration would frustrate" not only the purpose of the FAA to insure "rapid and unobstructed enforcement of arbitration agreements" but also the "long-standing federal policy against piecemeal review.").

## CONCLUSION

For the reasons stated above, plaintiffs' request for leave to appeal is denied.

For the reasons set forth in the Memorandum Opinion filed simultaneously herewith, plaintiffs' request under 28 U.S.C. § 1292(b) for leave to appeal this court's order compelling arbitration in the above-captioned matter, dated August 17, 1995, is hereby DENIED.