**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

**No. 95-30262
Summary Calendar**

DAVID MARCIANO-YISHAI,

Petitioner-Appellant

v.

KEITH HALL, Warden, *et. al.*

Respondents-Appellees.

On Appeal from the United States District Court
for the Western District of Louisiana
(94-CV-470)

December 15, 1995

Before WISDOM, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[1]

Petitioner/appellant, David Marciano-Yishai, seeks review of the dismissal of his *habeas corpus* petition. We find no error in the district court's decision.

**I.**

David Marciano-Yishai ("Yishai"), a native of Morocco and a citizen of Israel, entered this country legally in 1967. In the ensuing years, Yishai was convicted of numerous offenses in Florida, Minnesota, and Wisconsin. Based on these convictions, on December 17, 1993, the United States Immigration and Naturalization Service ("INS") obtained an order to deport Yishai to Israel, with an alternate deportation order to Morocco. Yishai appealed that decision to this court, which

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

affirmed his deportation order on March 31, 1995.[2]   While the deportation proceedings were pending, Yishai was taken into custody and denied bond based on an immigration judge's determination that Yishai was a poor bond risk.

On March 14, 1994, Yishai filed in the U.S. District Court for the Western District of Louisiana, a *habeas corpus* petition contending that: 1) ordering his deportation in part because of an earlier, pardoned, conviction violates the concept of double jeopardy; 2) the deportation proceedings in general violated his right to due process; and 3) the immigration judge should have appointed counsel for him.   Yishai later amended his petition to add a fourth argument that it was improper to detain him without bond while awaiting final review of his deportation order.

This petition was Yishai's fourth *habeas corpus* application.   Therefore, the district court ordered Yishai to show cause why the issues raised in the present petition could not have been raised in one of his earlier applications for relief.[3]   Yishai responded by stating that the INS had prevented him from doing so by reading and detaining his mail, and by keeping him in solitary confinement.[4]

On July 18, 1994, the district judge dismissed Yishai's original three contentions pursuant to Rule 9(b) of 28 U.S.C. § 2254, finding that Yishai sought to re-urge claims related to the convictions and facts underlying his retainer.[5]   The district court dismissed Yishai's final claim on March 2, 1995, finding that facts of Yishai's case supported the immigration judge's decision to deny bond.   Yishai timely appealed.

---

[2]   *Marciano v. Immigration and Naturalization Service,* Docket No.: 94-40466  (5th Cir. 1995). Section  1105(a) of 8 U.S.C. requires that all petitions for judicial review of administratively final orders of deportation be brought pursuant to 28 U.S.C. § 2341 *et. seq.*  Exclusive jurisdiction for this review is vested in the Court of Appeals. 28 U.S.C. § 2342.

[3]   Record at 19-21.

[4]   Record at 25-27.

[5]   That statute provides that , "[a] second or successive [*habeas corpus*] petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."

2

## II.

**A.     Yishai's Bail Application:**

Yishai's initial *habeas* petition argued that the immigration law judge incorrectly decided to hold Yishai without bond pending the final determination of his deportability.  Since filing that petition, however, Yishai's deportation order has become final.[6]  Therefore, we find that the validity of this bond decision is now moot.

This court also does not have jurisdiction to address the validity of Yishai's detention since his deportation has become final.[7]  Once the INS obtains a final order of deportability against an alien, the Attorney General may again choose to detain the alien without bond pending actual deportation.[8]  This custody decision is separate from the decision to detain an alien while deportation proceedings are pending.[9]  As such, it requires separate judicial review.[10]  Thus, Yishai is now being detained pursuant to a different administrative decision from the one he initially challenged.  Yet, Yishai has not sought review of this later custody decision in either the immigration court or the

---

[6]     *Marciano v. I.N.S., supra,* note 2.

[7]     Yishai filed his appellate brief in this court two weeks after deportation order was final.  The brief still clearly appeals the validity of his detention.  This court therefore interprets Yishai's brief as challenging both his earlier detention, and his continued detention pending actual deportation.

[8]     8 U.S.C. §1252(c).  That statute provides in relevant part:

> *When a final order of deportation . . .* is made against any alien, the Attorney General shall have a period of six months from the date of such order, . . . within which to effect the alien's departure form the United States, *during which period*, at the Attorney General's discretion, the alien may be detained, released on bond in an amount containing such conditions as the Attorney General may prescribe or released on such other condition as the Attorney General may prescribe.  Any court of competent jurisdiction shall have authority to review or revise any determination of the Attorney General concerning detention, release on bond, or other release, *during such six-month period*. . . (emphasis added).

[9]     *Id.*

[10]     *Id.*

3

district court. This court may not address an issue presented for the first time on appeal.[11] Accordingly, we dismiss Yishai's claims regarding the decisions to hold him without bond.

## B. Yishai's Due Process, Double Jeopardy, and Right to Counsel claims:

It is undisputed that Yishai has filed three earlier *habeas corpus* petitions with the U.S. District Court in for the Western District of Louisiana. Yet, when ordered to show cause why he was not able to present the current claims in those earlier petitions, Yishai responded only with allegations that the INS had intercepted his mail and kept him in solitary confinement.[12]0. R e p l y Brief at 1. [13]0. *West of England,* 981 F.2d at 749.[14] These allegations, even if true, do not adequately explain why the previous petitions were incomplete. Thus, the district court did not abuse its discretion in dismissing Yishai's complaint.

As an alternate ground for our holding today, we note that all of Yishai's remaining claims should be dismissed because they all relate to the merits of his deportation order, a decision that this court has already reviewed.[15] A court may not entertain a *habeas* petition regarding the merits of a deportation order unless it raises new grounds which could not have been entertained on the prior direct appeal of the merits.[16] Yishai filed the present petition *before* filing for direct review of the merits in this court.[17] Therefore, it is impossible for Yishai to have met this requirement. Accordingly, the remaining claims in his petition should be dismissed.

---

[11]     *West of England Ship Owners Mut. Ins. Ass'n v. American Marine Corp.*, 981 F.2d 749 (5th Cir. 1993).

[12]     Yishai argues for the first time on appeal that his earlier *habeas corpus* petitions predated his current detention, and were unrelated to his present deportation order.

  As discussed above, however, this court will not hear an appeal on an issue that was not first raised to the district court.

 *West of England,* 981 F.2d at 749. Therefore, we will not address this argument.

[15]     *Marciano v. INS, supra,* note 2.

[16]     8 U.S.C. § 1105a(c); *Garcia v. Boldin,* 691 F. 2d 1172, 1180 (5th Cir. 1982).

[17]     The present petition was filed on March 14, 1994. Yishai did not file his petition for direct review in this court until May 20, 1994.

**III.**

For the reasons discussed above, this court AFFIRMS the district court's dismissal of Yishai's *habeas corpus* petition.