United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 10, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 03-10585
_____

POSITIVE SOFTWARE SOLUTIONS, INC.,

Plaintiff - Appellee,

versus

NEW CENTURY MORTGAGE CORP., et al.,

Defendants - Appellants.

_____

Appeal from the United States District Court
For the Northern District of Texas
(No. 3:03-CV-257)

_____

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:*

　　Positive Software Solutions, Inc. ("Positive") offers two arguments for this Court to exercise

jurisdiction. Both fail. Positive first argues that this Court has jurisdiction under 28 U.S.C. §

1292(a)(1). The district court, Positive contends, refused its motion for an injunction. Section

1292(a)(1) provides—among other things—that courts of appeals shall have jurisdiction over

---

　　* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

interlocutory orders "refusing . . . injunctions . . . ." 28 U.S.C. § 1292(a)(1). To determine whether an order is refusing an injunction, this Court examines whether the district court specifically denied the injunctive relief. *E.E.O.C. v. Kerrville Bus Co., Inc.*, 925 F.2d 129, 132 (5th Cir. 1991). Where a district court fails to specifically state that it is denying injunctive relief, "there must be some additional, substantial indication—whether from the language of the order, or the grounds on which it rests, or the circumstances in which it was entered—that the district court was acting specifically to deny injunctive relief." *Id.*

Here, the district court did not specifically deny Positive injunctive relief. Instead, the court sent the matter to arbitration, noting that the arbitrator had authority to grant injunctive relief. Deferring the injunction issue to arbitration does not satisfy the *Kerrville* standard of showing that the district court was "acting specifically to deny injunctive relief." Accordingly, jurisdiction is lacking under § 1292(a)(1).[1]

Positive next argues that jurisdiction is proper because Positive seeks legal damages. This argument is without merit. Section 16 of Title 9 prohibits an appeal from interlocutory orders

> (1) granting a stay of any action under [ 9 U.S.C. § 3];
> (2) directing arbitration to proceed under [9 U.S.C. § 4; and]
> (3) compelling arbitration under [9 U.S.C. § 206] . . . .

9 U.S.C. § 16(b). This Court has interpreted this provision to mean that a district court's order to stay proceedings pending arbitration is not appealable unless the order is certified. *Turboff v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 867 F.2d 1518, 1519-21 (5th Cir. 1989). This rule applies even if the order compelling arbitration concerns an action at law. *Id.* Because the district court here did

---

[1] Finding a lack of jurisdiction under the injunctive-relief issue disposes of any issues "inextricably intertwined" with it.

not certify its order, this Court cannot consider whether the district court properly sent the matter to arbitration until the district court enters a final judgment.

We therefore DISMISS this appeal without prejudice for lack of jurisdiction.[2]

---

[2] As this Court lacks jurisdiction to hear this appeal, we need not rule on Positive's motion to supplement the record because the issue is moot.