**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 94-30025

---

IN RE:   AMERICAN MARINE HOLDING COMPANY, ET AL.,

Petitioners.

---

Petition for Writ of Mandamus to
the United States District Court
for the Eastern District of Louisiana

(    February 8, 1994    )

Before GARWOOD, SMITH and DeMOSS, Circuit Judges.

PER CURIAM:

### OPINION

In this proceeding, Petitioners[1] seek a Writ of Mandamus directing the district court (1) to conduct a jury trial pursuant to § 4 of the Federal Arbitration Act, 9 U.S.C. § 1, et seq., and (2) to grant Petitioners leave of court to file their Second Amended Answer in Civil Action No. 91-3645, pursuant to Rule 15(a) of the Fed. R. Civ. P.  In a prior appeal and application for Writ of Mandamus to this Court, West of England Ship Owners Mutual v. American Marine, 981 F.2d 749 (5th Cir. 1993), the following matters were decided as the law of this case:

---

[1]The Petitioners are American Marine Holding Company, Aggregate Barges, Inc., Cajun Crane Company, Bayou Fleet, Inc., Frere Company, Modern Barge Company, Grand Marine, Seneca Barge Company, Inc., Audubon Barges, Inc., Durow Corporation, Dumur Corporation, Oiseau Brothers, NOE Barge Company and Leslie B. Durant.

(a) Upon the consolidation of two separate proceedings[2], the issue of arbitrability became "embedded" in the consolidated proceeding; and

(b) The orders compelling arbitration in such consolidated case were interlocutory in nature, and appeal of those orders is barred by 9 U.S.C. § 16(b).

Petitioners now urge us to review certain other orders not involved in the prior appeal under an application for writ of mandamus. Since the district court did not certify either of these prior actions for interlocutory appeal under 28 U.S.C. § 1292(b), no interlocutory appeal is available under that statutory provision; and the only alternative route which applicants might use is the writ of mandamus. However, as we have said on many occasions, the writ of mandamus is an extraordinary remedy reserved for extraordinary situations. Gulf Stream Aerospace Corp. v. Mayacamus Corp., 485 U.S. 271, 108 S. Ct. 1133, 99 L. Ed. 2d 296 (1988). Traditionally, federal courts have exercised their mandamus power only "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so". Id. at 289, 108 S.

---

[2]Civil Action No. 91-3645 in the United States District Court for the Eastern District of Louisiana, in which the West of England Ship Owners Mutual Insurance Association (Luxembourg) sought an order compelling arbitration pursuant to the convention on the recognition and enforcement of foreign arbitral awards (9 U.S.C. § 201; et seq.); and Civil Action No. 91-3798 in the United States District Court for the Eastern District of Louisiana, a suit initially filed by Petitioners in the Civil District Court for the Parish of Orleans, State of Louisiana, No. 91-17709, and removed to the Federal Court by Notice of Removal filed by the West of England Ship Owners Mutual Insurance Association (Luxembourg).

Ct. at 1143. The party seeking mandamus has the burden of demonstrating a "clear and indisputable right to it". See Gulf Stream, 485 U.S. at 289, 108 S. Ct. at 1143. Moreover, it is more than well-settled that a writ of mandamus is not to be used as a substitute for appeal. See In re Cajun Electric Power Coop, Inc., 791 F.2d 353, 365-66 (5th Cir. 1986). Petitioners have failed to carry their burden to establish their entitlement to a writ of mandamus.

Whether the district court erred in refusing to give Petitioners a jury trial on the issue of arbitrability or in refusing to allow Petitioners to file a Second Amended Answer in one of the consolidated proceedings (and we do not pass in any way on the merits on those issues) may be raised for appellate review after the arbitration is completed and a final judgment entered by the district court confirming such arbitration. In our view, that is the clear plan and sequence of events which Congress contemplated in adding § 16 to the Federal Arbitration Act.

Petition for writ of mandamus is DENIED.