**Robert TUSZKIEWICZ, Plaintiff,**

v.

**ALLEN BRADLEY COMPANY, INC., Defendant.**

**No. 96–C–110.**

United States District Court, E.D. Wisconsin.

Dec. 6, 1996.

**16**

Alan C. Olson Law Office by Robert M. Mihelich, New Berlin, WI, for Plaintiff.

Quarles & Brady by Pamela M. Ploor, Milwaukee, WI, for Defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Robert Tuszkiewicz, a former employee of the Allen Bradley Company, Inc. ["Allen Bradley"], filed suit on January 30, 1996 against his former employer, claiming that Allen Bradley discriminated against him in violation of the Americans With Disabilities Act of 1990, Pub.L. No. 101–336, 104 Stat. 327 (codified in scattered sections of 42 U.S.C. and 47 U.S.C.). Presently before the court is the plaintiff's motion for an order preventing three deposition witnesses, all of whom were Mr. Tuszkiewicz's co-workers at Allen Bradley, from attending each other's depositions.

The plaintiff's attorneys were to take the depositions of the three witnesses at issue, John Holik, Bruce Krenzke, and Bruce Currie, on October 31, 1996, but a disagreement between the parties arose on that day about the sequestration of these witnesses during the depositions. According to plaintiff's attorney, the parties were unable to resolve the dispute on their own, so the parties rescheduled the depositions for December 9, 11 and 12, and the plaintiff filed this motion.

Rule 30(c), Federal Rules of Civil Procedure, states that at depositions, "[e]xamination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615." This specific exclusion for Rule 615, Federal Rules of Evidence is important to the case at hand, because that is the rule that provides that the court, upon a party's request, shall exclude witnesses from a trial so that they will not hear the testimony of other witnesses. Indeed, Rule 30(c) was amended in 1993 specifically to exclude Rule 615. The 1993 Advisory Committee Notes state that the revision "provides that other witnesses are not automatically excluded from a deposition simply by the request of a party" and that the court can order exclusion "under Rule 26(c)(5) when appropriate."

■ The "good cause" standard for the granting of a protective order pursuant to Rule 26(c)(5), Federal Rules of Civil Procedure therefore applies. That rule provides that the court may issue a protective order "for good cause shown ... when justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [an order] ... that discovery be conducted with no one present except persons designated by the court." *See Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F.3d 854, 858 (7th Cir.1994) (holding that even when the parties have stipulated for a protective order, there must still be a showing of "good cause"). The movant bears the burden of showing "good cause." *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986), *cert. denied,* 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987); *Nowaczyk v. Matingas,* 146 F.R.D. 169 (N.D.Ill.1993).

Courts have generally held that it is insufficient for a party moving for a Rule 26(c) protective order simply to allege that one or both of the parties will be harmed if the court does not grant the order. In *Cipollone,* for example, the court of appeals for the third circuit said that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone,* 785 F.2d at 1121; *see also* 8 Charles Alan Wright & Richard L. Marcus, Federal Practice and Procedure § 2035 (1994) ("The courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory allegations."). I must therefore look at whether Mr. Tuszkiewicz meets this requirement.

The plaintiff, in his brief in support of the motion, states that the three witnesses at issue worked with Mr. Tuszkiewicz prior to his leaving Allen Bradley and that they continue to work together. After apprising the court of this fact, the plaintiff makes the generalized statement that "[a]llowing a fact witness to listen in on the testimony of another witness would only serve to prejudice the plaintiff." I agree with the defendant that without a more specific showing of harm to the plaintiff than the mere statement that there is a threat of prejudice, the court should not grant a protective order. The plaintiff offers no distinct facts that would lead the court to conclude that the witnesses cannot be trusted to tell the truth or that their attending each other's depositions will otherwise affect their testimony. A finding that the movant showed "good cause" in this case would surely mandate the same result in all cases in which there was more than one fact witness on an issue and where the movant alleges that prejudice could result.

Therefore, IT IS ORDERED that the plaintiff's motion to exclude John Holik, Bruce Krenzke, and Bruce Currie from each other's depositions be and hereby is denied, with costs.