IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60834
_____

In Re:   TERRA INTERNATIONAL, INC.,

Petitioner.
_____

On Petition for Writ of Mandamus to the United States
District Court for the
Southern District of Mississippi
_____

January 26, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:

Petitioner Terra International, Inc. seeks a writ of
mandamus compelling the district court to vacate certain
discovery orders entered by the magistrate judge (and affirmed by
the district court) in a civil suit between Terra International,
Inc. and Mississippi Chemical Corporation.  We grant the petition
for writ of mandamus in part and deny it in part.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The Underlying Litigation

On December 13, 1994, an explosion occurred at Terra
International's ("Terra") ammonium nitrate facility in Port Neal,
Iowa, killing four people, injuring eighteen others, and causing
substantial property damage.  Shortly thereafter, Terra formed an
"Incident Investigation Committee" (the "Committee") to
investigate the cause of the accident.  The Committee's

membership consisted of Terra employees, outside consulting experts, Terra's general counsel, and an outside attorney.

On June 8, 1995, Terra released a report (the "Report") prepared by the Committee containing its conclusion that the explosion was principally caused by the faulty design of a "sparger," an apparatus used to feed nitric acid into a closed vessel known as a neutralizer in which Terra processed liquid ammonium nitrate. Mississippi Chemical Corporation ("MCC") had designed the sparger and licensed the design to Terra. Terra released the report to interested parties as required by OSHA regulations, as well as to others in the fertilizer industry. Terra employees also conducted press conferences at which they reiterated the Report's conclusion that a defect in the sparger's design caused the explosion.[1]

On August 31, 1995, Terra filed a products liability suit against MCC in federal district court in the Northern District of Iowa, alleging that MCC's defective sparger design proximately caused the explosion at Terra's plant. Shortly thereafter, MCC filed suit in federal district court in the Southern District of Mississippi, asserting a claim of defamation based upon Terra's dissemination of the Report and its conclusion that MCC's sparger design caused the explosion as well as a claim for a declaratory judgment that MCC-designed equipment did not cause the explosion.

---

[1] The magistrate judge made this factual conclusion regarding the scope of Terra's dissemination of the reports and its contents. Terra does not dispute it.

Terra's products liability action was subsequently transferred to the Mississippi district court.

This petition for writ of mandamus arises out of the district court's affirmation of certain discovery orders entered by the magistrate judge in the underlying litigation. These include (1) orders requiring Terra to produce certain categories of documents that Terra alleges are undiscoverable (the "Production Orders") and (2) an order granting MCC's motion for a protective order sequestering fact witnesses prior to their depositions and barring fact witnesses from attending the depositions of other witnesses (the "Sequestration Order").

### B.   The Production Orders

On August 10, 1996, MCC filed a motion to compel the production of a number of categories of documents relating to the Committee's preparation of the Report. Terra responded with a motion for protective order, asserting that a number of categories of documents that were responsive to MCC's motion to compel were protected from discovery by the attorney-client privilege, the work product rule, and Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure, the rule that limits discovery of facts known or opinions held by a party's nontestifying expert. On December 4, 1996, the magistrate judge entered the first Production Order, which granted in part and denied in part MCC's motion to compel and Terra's motion for protective order. In the first Production Order, the magistrate judge concluded that the following categories of documents for which Terra

3

asserted privilege or other protection from discovery were discoverable:

(1) Terra's counsel's notes of confidential employee interviews;

(2) documents prepared by Terra employees at the request of Terra's counsel or counsel's experts;

(3) documents prepared by Terra's counsel's experts containing test results and analyses; and

(4) certain scientific and engineering literature used by Terra's counsel's experts.

The parties each objected to the first Production Order, and, in a July 16, 1997 order, the district court remanded the case to the magistrate judge for further fact-finding and clarification of certain portions of the first Protective Order.

On July 27, 1997, the magistrate judge issued the second Production Order, in which he made a number of clarifications as to the legal bases for his conclusion that the four categories of documents enumerated above were discoverable. First, the magistrate judge concluded that the attorney-client privilege never applied to the first and second categories because the employees about whom Terra's counsel made notes and who prepared documents at the request of counsel or counsel's experts were not clients. Second, he concluded that, with respect to these two categories of documents, MCC had made the requisite showing of substantial need and undue hardship necessary to overcome the protection afforded them by the work product doctrine. Third, he

4

concluded that the third and fourth categories of documents were discoverable under Rule 26(b)(4)(B) because, although they constituted the work of nontestifying experts, MCC had made the requisite showing of exceptional circumstances necessary to render them discoverable in light of the fact that (1) the condition of the explosion site had changed through the passage of time and (2) the documents contained in these two categories were necessary to support MCC's defamation claim.  On October 30, 1997, the district court entered an order affirming the magistrate judge's Production Orders.

## C.  The Sequestration Order

On February 19, 1997, MCC moved for a protective order under Rule 26(c)(5), seeking to prohibit all fact witnesses from attending the depositions of other fact witnesses and to prevent counsel from disclosing any prior deposition testimony to any prospective fact witness.  MCC's motion was not supported by affidavits or other evidence, but merely alleged that Terra employees might feel a sense of camaraderie or feel pressure from Terra that might taint their testimony and preclude counsel from obtaining the witness's "raw reactions."  MCC contended that these factors constituted the "good cause" necessary to justify sequestration during discovery under Rule 26(c)(5).  On April 14, 1997, the magistrate judge issued the Sequestration Order, which granted MCC's motion and directed that (1) when preparing witnesses for their depositions, attorneys may not refer "directly or indirectly by innuendo, to what other witnesses say

5

about the facts;" (2) attorneys and officers of any party may not reveal prior deposition testimony to any witness prior to that witness's deposition; and (3) a party may not designate more than two corporate representatives to attend depositions before the representatives themselves have been deposed and may have only six corporate representatives overall, two of whom will not be deposed. In support of his decision to grant MCC's motion, the magistrate judge stated:

> [T]he court finds validity in the contentions of MCC that most fact witnesses are subject to substantial influence and even perhaps subtle pressures from their relationships with Terra. The court further finds that MCC has made a substantial showing of exceptional circumstances that make it appropriate for the court to fashion a reasonable protective order.

On October 30, 1997, the district court issued an order affirming the Sequestration Order.

Terra seeks a writ of mandamus to compel the district court to vacate its orders of October 30, 1997 affirming the magistrate judge's Production Orders and Sequestration Order.

## II. ANALYSIS

"[T]he writ of mandamus is an extraordinary remedy reserved for extraordinary situations" and "is not to be used as a substitute for appeal." In re American Marine Holding Co., 14 F.3d 276, 277 (5th Cir. 1994). "Mandamus is appropriate 'when the trial court has exceeded its jurisdiction or has declined to exercise it, or when the trial court has so clearly and indisputably abused its discretion as to compel prompt intervention by the appellate court.'" See In re Dresser Indus.,

6

972 F.2d 540, 543 (5th Cir. 1992) (quoting <u>In re Chesson</u>, 897 F.2d 156, 159 (5th Cir. 1990)). We will grant a writ of mandamus only when the petitioner demonstrates that its right to the writ is "clear and indisputable." <u>Id.</u>

We conclude that Terra has failed to meet the above standard with respect to its challenge to the district court's order affirming the magistrate judge's Production Orders. Terra's petition for writ of mandamus is therefore denied in this regard. We intimate no view as to the merits of Terra's claims of privilege and other limitations on discovery. However, we conclude that Terra has met the standard with respect to the district court's order affirming the magistrate judge's Sequestration Order.

In 1993, Rule 30(c) of the Federal Rules of Civil Procedure was amended to make clear that, in the typical case, deposition witnesses are not subject to sequestration. <u>See</u> FED. R. CIV. P. 30(c) advisory committee notes. Rule 30(c) now provides in relevant part that "[e]xamination and cross-examination of witnesses [at oral depositions] may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence <u>except Rules 103 and 615</u>." FED. R. CIV. P. 30(c) (emphasis added). Rule 615 of the Federal Rules of Evidence establishes the right of any party at trial to request that the court "order witnesses excluded so that they cannot hear the testimony of other witnesses." FED. R. EVID. 615. Rule 30(c)'s exclusion of depositions from the strictures of Rule 615 was intended to

7

establish a general rule that "other witnesses are not automatically excluded from a deposition simply by the request of a party." FED. R. CIV. P. 30(c) advisory committee notes. Rather, exclusion of other witnesses requires that the court grant a protective order pursuant to Rule 26(c)(5) of the Federal Rules of Civil Procedure.

Rule 26(c)(5) provides as follows:

(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

. . .

(5) that discovery be conducted with no one present except persons designated by the court . . . .

FED. R. CIV. P. 26(c)(5) (emphasis added). Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that "[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978); see also 8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2035, at 483-86 (2d ed. 1994).

In this case, MCC made nothing more than a conclusory allegation that a substantial majority of the fact witnesses in the underlying litigation are employees of Terra and that they will therefore be subject to Terra's influence and will be inclined to protect each other through a sense of "camaraderie." MCC did not support its motion for protective order with any affidavits or other evidence that might provide support for this simple assertion. The district court's entry of the protective order requested by MCC was therefore unsupported by a "particular and specific demonstration of fact" and therefore constituted a clear abuse of discretion. Garrett, 571 F.2d at 1326 n.3. To conclude otherwise would indicate that good cause exists for granting a protective order any time fact witnesses in a case are employed by the same employer or are employed by a party in the case. Such a conclusion is inconsistent with this court's admonition that a district court may not grant a protective order solely on the basis of "stereotyped and conclusory statements." Id.; see also Tuszkiewicz v. Allen Bradley Co., 170 F.R.D. 15, 17 (E.D. Wis. 1996) (denying a request for a protective order based on the fact that several fact witnesses were employed by the defendant and worked together because a finding of good cause based on this showing alone "would surely mandate the same result in all cases in which there was more than one fact witness on an issue and where the movant alleges that prejudice could result"); BCI Comm. Sys., Inc. v. Bell Atlanticom Sys., Inc., 112 F.R.D. 154, 155, 160 (N.D. Ala. 1986) (holding that the defendant's

9

allegations regarding the need to preclude plaintiff's witnesses, some of whom were the plaintiff's employees, "from hearing or being exposed to deponents' testimony" did not constitute "anything more than ordinary garden variety or boilerplate 'good cause' facts which will exist in most civil litigation").  The district court therefore clearly abused its discretion in affirming the magistrate's sequestration order on the present record.

### III.  CONCLUSION

For the foregoing reasons, we DENY Terra's petition for a writ of mandamus as to the magistrate judge's Production Orders, and we GRANT Terra's petition for writ of mandamus as to the magistrate judge's Sequestration Order and REMAND with instructions to vacate that order.