Vicki L. JONES, Plaintiff,

v.

CIRCLE K STORES, INC., and Tosco Corporation, d/b/a "Circle K" and Tosco Marketing Company, Defendants.

No. 1:98CV00824.

United States District Court,
M.D. North Carolina,
Greensboro Division.

Jan. 25, 1999.

Jonathan Wall, David M. Clark, Clark & Wharton, Greensboro, NC, for plaintiff.

Edwin R. Gatton, Ivey, McClellan, Gatton & Talcott, L.L.P., Greensboro; NC, Griffin B. Bell, Jr., Bryan T. White, Fisher & Phillips, Atlanta, GA, for defendants.

## MEMORANDUM OPINION AND ORDER

SHARP, United States Magistrate Judge.

This matter comes before the Court on the Motion for Protective Order filed by Plaintiff Vicki L. Jones. (Docket no. 9.) Defendants have responded in opposition to the motion, and Plaintiff has filed a reply. Plaintiff's motion is ready for a ruling.

## DISCUSSION

Plaintiff, a white female, filed suit against Defendants on September 17, 1998 alleging that they terminated her because of her race and racially harassed her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; and state law. Pursuant to scheduled pre-trial discovery, Defendants' employees, James Sharper (a black male) and Elmer Bell (a black female), were set to be deposed on December 8 and 9, 1998, respectively. Plaintiff became concerned that the presence of Mr. Sharper and Ms. Bell at each other's depositions might hinder her "legitimate interests in a just trial," and attempted to negotiate with Defendants regarding the exclusion of Mr. Sharper and Ms. Bell from each other's depositions. Defendants did not agree with Plaintiff's position, and Plaintiff filed this Motion for Protective Order on November 12, 1998, asking this Court to (1) forbid the attendance of Mr. Sharper and Ms. Bell at each other's depositions, and (2) prohibit them from reading, discussing, or otherwise being informed about questions asked or testimony given in earlier depositions until their own deposition has been taken.

In 1993, Rule 30(c) of the Federal Rules of Civil Procedure was amended to make clear that deposition witnesses are not subject to sequestration as a matter of course. Rule 30(c) now provides in pertinent part that "[e]xamination and cross-examination of witnesses at oral depositions may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence *except Rules 103 and 615.*" Fed.R.Civ.P. 30(c) (emphasis added). Rule 615 of the Federal Rules of Evidence provides that the court, upon request, will "order witnesses excluded so that they cannot hear the testimony of other witnesses." Fed.R.Evid. 615. The 1993 Advisory Committee Notes emphasize that Rule 615's exclusion from Rule 30(c) was intended to establish a general rule that "other witnesses are *not* automatically excluded from a deposition simply by the request of a party." (emphasis added). Instead, exclusion requires that the court grant a protective order pursuant to Rule 26(c)(5).

Rule 26(c)(5) provides as follows:

(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, ... and for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of more of the following:

. . .

(5) that discovery be conducted with no one present except persons designated by the court ...

Fed.R.Civ.P. 26(c)(5). Rule 26(c)'s requirement of a showing of "good cause" to support the issuance of a protective order indicates that "[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a *particular and specific demonstration of fact* as distinguished from stereotyped and conclusory statements." *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir.1998) *quoting United States v. Garrett,* 571 F.2d 1323, 1326 n. 3 (5th Cir.1978); *see also* 8 Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, Fed.Prac. & Proc. § 2035, at 483–86 (2d ed.1994).

In this case, Plaintiff filed an affidavit in which she averred that her employment with Defendant Circle K was tolerable until Mr. Sharper became the zone manager to whom her store manager, Ms. Bell, reported. Plaintiff claimed that before Mr. Sharper arrived, Ms. Bell had given her "exceptional" performance reviews and had consistently recommended pay raises. However, after Mr. Sharper's arrival, Plaintiff alleged that she did not receive another favorable review or pay raise, she was singled out for reprimands, and rules and regulations were enforced unfairly against her. Plaintiff maintained that, in preparing and filing incident reports, Mr. Sharper and Ms. Bell were required to "agree" on the characterization of incidents and have misrepresented facts against her. (Pl.Aff. at 1.) Finally, Plaintiff asserted that Mr. Sharper fabricated an incident against her which was placed in her file, and that he "holds great influence over Ms. Bell." (Pl.Aff. at 1–2.)

In her brief in support of her Motion for Protective Order, Plaintiff claims that the above-cited facts are sufficient to meet the "good cause" standard of Rule 26(c) because they show that (1) Mr. Sharper and Ms. Bell are co-workers, (2) one is subject to the authority of the other, and (3) they are involved in collusion. In addition, Plaintiff points out that her Complaint alleges discrimination and misrepresentation, which involves "subtle and sophisticated questions of whether defendants have engaged in unlawful discriminatory ... practices" and "[q]uestions of credibility," citing *Beacon v. R.M. Jones Apt. Rentals,* 79 F.R.D. 141, 142 (N.D.Ohio 1978).

The Court agrees with Defendants that without a more specific showing of harm to Plaintiff, a protective order should not issue. The facts alleged by Plaintiff "do not impress the Court as being anything more than ordinary garden variety or boilerplate 'good cause' facts which will exist in most civil litigation." *BCI Comm. Sys., Inc. v. Bell Atlanticom Sys., Inc.,* 112 F.R.D. 154, 160 (N.D.Ala.1986). A finding that Plaintiff showed "good cause" in this case "would surely mandate the same result in all cases in which there was more than one fact witness on an issue and where the movant alleges that prejudice could result." *Tuszkiewicz v.*

*Allen Bradley Co.*, 170 F.R.D. 15, 17 (E.D.Wis.1996). "To conclude otherwise would indicate that good cause exists for granting a protective order any time fact witnesses in a case are employed by the same employer or are employed by a party in the case." *Terra*, 134 F.3d at 306.

### CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Protective Order to exclude James Sharper and Elmer Bell from attending each other's depositions and from reading, discussing, or otherwise being informed about questions asked or testimony given in earlier depositions until their own depositions have been taken be and hereby is DENIED.