**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-60341
Summary Calendar

DOVIE BLAIR,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(4:95-CV-127-LS)

May 21, 1999

Before WISDOM[*], JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[**]

Stephen Blair appeals the district court's dismissal of his petition for a writ of mandamus in his wife's claim for disability insurance benefits. We affirm.

In 1993, Blair's wife, Dovie, filed a claim with the Social Security Administration for disability insurance benefits. She was found to be not disabled at all levels of administrative review. In September 1995, Dovie Blair filed a complaint in the district court requesting review of the final agency determination that she was not disabled. While this action was pending, Dovie Blair committed suicide. Nevertheless, in October 1996, the district court reversed, for lack of substantial evidence, the Commissioner of Social Security's final decision that Dovie Blair was

---

[*]  Judge John Minor Wisdom authored this opinion prior to his death on May 15, 1999.

[**]In accordance with 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not disabled, and entered a judgment of disability in her favor. In January 1997, the Administration issued an award notice to Dovie Blair informing her that a lump sum payment of $3304 for the months of July 1996 through December 1996, as well as payment for the month of January 1997, had been issued to her and that she would receive benefit payments of $484 per month thereafter. When the Administration was informed of Dovie Blair's death, however, it recalled the lump sum check and cancelled the monthly benefit payments. The Administration then issued a notice of decision stating that the deceased Dovie Blair was ineligible for benefits because she did not meet the Administration's nonmedical requirements.[3]

Instead of requesting reconsideration of the Administration's decision, Stephen Blair filed a petition for a writ of mandamus in the district court. He maintained that, since his wife's disability had been adjudicated, the district court's October 1996 order should be enforced, and disability payments should be issued on her behalf for the period from the date of her application though the month preceding her death. Blair further contended that because all of the questions on the SSI application were answered in good faith, including the sections pertaining to income and resources, and because the Administration had failed to follow its own regulations pertaining to an initial determination of SSI eligibility, it should be equitably estopped from denying benefits. The district court denied Blair's motion for a writ of mandamus and dismissed the case without prejudice for failure to exhaust administrative remedies. Stephen Blair then timely filed this appeal.

The district court did not abuse its discretion by dismissing Blair's mandamus petition for failure to exhaust his administrative remedies. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."[4] It is an

---

[3] The Administration apparently discovered that Stephen Blair's income was in excess of the limits that would allow Dovie Blair to obtain disability benefits.

[4] *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

extraordinary remedy reserved for extraordinary circumstances.[5]  Blair has not exhausted his administrative remedies.  The challenge he raised in his mandamus petition was to the Commissioner's decision to deny Dovie Blair's claim for disability benefits based on its finding of a nonmedical disqualification -- a decision made after the district court's October 1996 order reversing the decision denying benefits.  Blair did not seek administrative review of this decision before filing his mandamus petition in the district court.  The district court therefore did not abuse its discretion by dismissing Blair's petition for failure to exhaust his administrative remedies.[6]

AFFIRMED.

---

[5]     *In re American Marine Holding Co.*, 14 F.3d 276, 277 (5th Cir. 1994).

[6]     *See Heckler*, 466 U.S. at 616.