United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41448
Summary Calendar

CHARLES ROSS,

Petitioner-Appellant,

versus

STATE OF TEXAS,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(6:03-CV-312)
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Petitioner-Appellant Charles Ross, Texas prisoner number 768284, was convicted of aggravated sexual assault of a child and sentenced to 99 years in prison. He unsuccessfully sought permission from the trial court to proceed in forma pauperis (IFP) on appeal, as well as other benefits associated with IFP status. He challenged the propriety of the trial court's denial of his request for IFP status and concomitant benefits in several proceedings in state and federal courts. His

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

latest challenge was presented to the district court in an application for mandamus relief. The district court denied this application, and Ross appeals.

On appeal Ross seeks authorization to file excess record excerpts. His motion, which is best construed as one seeking to supplement the record on appeal, is GRANTED. Ross also seeks leave to file a supplemental brief. This motion is DENIED.

Ross argues that his constitutional rights were violated when he was denied IFP status and concomitant benefits. He has not shown that his circumstances are extraordinary. See In re American Marine Holding Co., 14 F.3d 276, 277 (5th Cir. 1994). Neither has he established that the relief he seeks flows from a non-discretionary duty of the defendant. See Heckler v. Ringer, 466 U.S. 602, 616 (1984). Ross thus has not shown that the district court abused its discretion in denying his request for mandamus relief. See United States v. Denson, 603 F.2d 1143, 1146 (5th Cir. 1979) (en banc). His conclusional assertion of actual innocence does not mandate a different result.

Ross also contends that his rights were violated when his case was heard by a magistrate judge because he did not consent thereto in accordance with 28 U.S.C. § 636(c). Ross is factually mistaken: His case was not adjudicated to a final judgment by a magistrate judge. Rather, the magistrate judge issued a report and recommendation concerning Ross's mandamus application; it was the district judge who entered the final judgment dismissing Ross's

2

application. Ross has not shown that his rights were violated by the magistrate judge's involvement in the district court proceedings. As Ross has shown no error in the district court's judgment, it is AFFIRMED.

The instant proceeding is just the latest of Ross's multiple attempts to obtain review of an issue that has already been rejected by several state and federal courts. As he has received substantial review of this meritless issue and shows no signs of ceasing his relentless pursuit, Ross is WARNED that he could, and likely would, be sanctioned if he should file any additional pleadings challenging the state trial court's denial of his request for IFP status and concomitant benefits. See Coughlan v. Starkey, 852 F.2d 806, 817 (5th Cir. 1988); Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

MOTION TO FILE EXCESS RECORD EXCERPTS GRANTED; MOTION TO FILE SUPPLEMENTAL BRIEF DENIED; JUDGMENT AFFIRMED; SANCTIONS WARNING ISSUED.