Marissa **MADERAZO**, et al., Plaintiffs,

v.

**VANGUARD HEALTH SYSTEMS**
**a/k/a Baptist Health Systems,**
**et al., Defendants.**

Civil Action No. SA–06–CA–535–OG.

United States District Court,
W.D. Texas,
San Antonio Division.

Feb. 12, 2007.

Allyson B. Baker, Charles E. Tompkins, IV, Daniel A. Small, Joseph M. Sellers, Kalpana Kotagal, Michael D. Hausfeld, Allyson B. Baker, Daniel A. Small, Michael D. Hausfeld, Cohen Milstein Hausfeld & Toll, P.L.L.C, David P. Dean, Mary Joyce Carlson, David P. Dean, James & Hoffman, Washington, DC, Arnold Levin, Charles Schaffer, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, Daniel E. Gustafson, Jason S. Kilene, Gustafson Gluek P.L.L.C., Minneaplois, MN, John H. Bright, Mark A. Griffin, Raymond J. Farrow, Mark A. Griffin, Keller Rohrback L.L.P., Seattle, WA, Kimberly A. Kralowec, Michael Lehmann, Thomas P. Dove, The Furth Firm L.L.P., San Francisco, CA, Luke C. Kellogg, Perry & Kellogg, L.L.P., San Antonio, TX, for Plaintiffs.

Derick J. Rodgers, Ricardo G. Cedillo, Ana M. Arrazola, Davis, Cedillo & Mendoza, Inc., James H. Kizziar, Jr., Bracewell & Giuliani, L.L.P., Robert Gilchrist Newman, Fulbright & Jaworski, L.L.P., Joseph Casseb, Goode Casseb Jones Riklin Choate & Watson, P.C., San Antonio, TX, Layne E. Kruse, Fulbright & Jaworski L.L.P., Houston, TX, Michael R. Shumaker, Phillip A. Proger, Robert C. Jones, Jones Day, Andrew D. Roth, Robert M. Weinberg, Bredhoff & Kaiser, P.L.L.C., Washington, DC, David L. Hanselman, Jr., David Marx, Mcdermott Will & Emery LLP, Chicago, IL, Richard Levy, Deats Durst Owen & Levy PLLC, Austin, TX, for Defendants.

## ORDER

ORLANDO L. GARCIA, District Judge.

Pending before the Court is Defendant's Motion for a Protective Order (Dkt.# 67) and Plaintiffs' Motion for Entry of a Protective Order (Dkt.# 68). Both sides have filed responses (Dkt.# 72, 74), and Plaintiffs have also filed a reply (Dkt.# 77). Having reviewed the motions and applicable law, the Court finds that Defendants' motion should be denied, and Plaintiffs' motion should be granted.

In this antitrust litigation, Plaintiffs allege that Defendants have conspired to set wages for registered nurses. The parties agree that a protective order is necessary to govern the designation and use of confidential information during the course of discovery and to ensure that such information is used only in the instant litigation.[1] However, the parties cannot agree on whether the attorneys from the law firm of James & Hoffman ("J & H"), who are serving as co-counsel for Plaintiffs, should have access to such information. Defendants contend the entire law firm should be prevented from having access to the information, which would essentially disqualify the law firm from representing the Plaintiffs in this lawsuit. Plaintiffs contend that only two lawyers from its firm should be denied access, based on their relationship with the SEIU—the organization that Defendants

---

1. The parties contemplate that this may include information relating to RN compensation, turn- over, recruiting, retention, and marketing.

fear will obtain and use the information to unionize their nurse employees.

As a general rule, the parties' use of information disclosed during discovery is not limited or subject to any rules of restraint. *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir.1985). However, if a party makes a showing of *good cause* to support the issuance of a protective order, the Court may exercise its discretion to restrict or limit access and use of certain information. Fed. R.Civ.P. 26(c) (emphasis added). "Rule 26(c)'s requirement of a showing of good cause ... indicates that the burden is upon the movant to show the necessity of its issuance, which contemplates a *particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.*" *In re Terra Int'l Inc.*, 134 F.3d 302, 306 (5th Cir.1998) (emphasis added) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978); also citing 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2035, at 483–86 (2d ed.1994)). When determining whether legal counsel should be denied or permitted access, the Court should review the "factual circumstances surrounding each individual counsel's activities, association, and relationship with a party" to determine whether the movant's concern about inadvertent or accidental disclosure is genuine and real. *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir.1984). In other words, the Court should engage in a counsel-by-counsel analysis, and avoid denying access to counsel simply because they are part of a group that brings a generalized feeling of anxiety or discomfort to the opposing party. *Id.* (could not deny access to counsel simply because they were classified as inhouse counsel). For this reason, the Court rejects Defendants' blanket proposal to deny access to the entire law firm of James & Hoffman, and instead will focus on the individual attorneys whom they believe pose a threat of inadvertent disclosure. Those attorneys are Judith Scott, Mary Joyce Carlson and David Dean.

Plaintiffs represent that Ms. Scott, a partner with the law firm who also serves as SEIU's full time general counsel, has been voluntarily walled off from all nurse wage litigation since January 2006, which was prior to the filing of this lawsuit. She has an office at SEIU headquarters in Washington, and does not work in the same physical location as the other James & Hoffman lawyers. Ms. Scott does not have access to any of the files or records relating to this litigation, and does not receive any confidential information about the case.

Mary Joyce Carlson, who has been involved in this litigation, has a one-year non-exclusive retainer with SEIU and she serves as special counsel to SEIU's Health Care Division. Under the retainer agreement, her principal responsibility is to negotiate and maintain national agreements with Health Care systems such as HCA.[2] She has an office at James & Hoffman, and she also has an office at SEIU's headquarters when she needs it. The counseling that she provides for SEIU appears to focus on nurse working conditions, healthcare reform, and advocating patient care. While Plaintiffs agree that Ms. Carlson should be denied access to any information marked "CONFIDENTIAL—NOT TO BE DISCLOSED TO UNION" or "HIGHLY CONFIDENTIAL—NOT TO BE DISCLOSED TO UNION," they assert that Ms. Carlson was personally involved in the pre-litigation investigation of this lawsuit and has valuable knowledge regarding nurse wage issues. Therefore, they plan to have Ms. Carlson continue to participate as co-counsel in the case under the strict restrictions to be imposed herein. As Plaintiffs acknowledge, Ms. Carlson's involvement in the lawsuit will likely be reduced (perhaps *substantially* reduced) based on the breadth and scope of information that is designated as "CONFIDENTIAL—NOT TO BE DISCLOSED TO UNION" or "HIGHLY CONFIDENTIAL—NOT TO BE DISCLOSED TO UNION."

Mr. David Dean, another partner in the James & Hoffman law firm and lead co-

---

2. Methodist Healthcare System of San Antonio, Ltd., LLP, a party in this lawsuit, is a subsidiary of HCA.

counsel in this case, has also represented SEIU in the past. However, he has never acted in any role other than outside counsel and is not currently representing the Union in any other matter involving these defendants. It appears that his representation of SEIU has been primarily in litigation and arbitration proceedings, rather than consulting or negotiating. Neither Mr. Dean nor any other J & H attorneys that will have access to confidential information in this case play any role in the SEIU's competitive decision-making, organizing or bargaining activities. Therefore, there is no factual basis for denying Mr. Dean access to confidential documents disclosed in discovery.

The Court also notes that SEIU is paying some expenses in this lawsuit, and this causes Defendants some concern. However, in Ms. Carlson's sworn statement, she avers that "SEIU has agreed not to make any demands on J & H concerning the litigation, or otherwise interfere with J & H's professional judgment about how best to serve the interests of [their clients]. The SEIU has played absolutely no role in the direction or management of this lawsuit." (Dkt.# 68, Exh. D). Plaintiffs' counsel understands that their duty is to their clients, not the entity paying some of the bills. Plaintiffs' attorneys are officers of the court, and are bound to act accordingly.

■ The restrictions set forth in Plaintiffs' proposed order, which incorporates the additional restrictions set forth in the Dean proposal, are sufficient to provide protection against the risk of inadvertent disclosure, as established by the facts in this case.

It is therefore ORDERED that Defendant's Motion for a Protective Order (Dkt.# 67) is DENIED because they· have failed to demonstrate good cause to deny access to the entire law firm of James & Hoffman. Plaintiffs' Motion for Entry of a Protective Order (Dkt.# 68) is GRANTED, and Ms. Scott and Ms. Carlson will be denied access to any information that is designated "CONFIDENTIAL—NOT TO BE DISCLOSED TO UNION" or "HIGHLY CONFIDENTIAL—NOT TO BE DISCLOSED TO UNION." The protective order is being entered simultaneously herewith.