# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2011

No. 11-60296

Lyle W. Cayce
Clerk

In Re: MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA

Petitioner

---

Petition for a Writ of Mandamus to
the United States District Court for the Southern District of Mississippi

---

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner Ministry of Defense of the Republic of Venezuela seeks a writ of mandamus directing the district court to vacate its order, in which that court refused to enforce an "unreasonable" forum-selection clause and, instead, compelled arbitration in the United States. After Petitioner appealed the district court's order to us, we dismissed that appeal for lack of jurisdiction.[1] We now deny Petitioner's petition for writ of mandamus.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Northrop Grumman Ship Sys., Inc. v. The Ministry of Defense of the Republic of Venezuela*, No. 11-60001, slip op. (5th Cir. Mar. 23, 2011) (per curiam), *reh'g denied*, (5th Cir. May 9, 2011) (per curiam).

No. 11-60296

Time and again, we have said that mandamus is not to be used as a substitute for appeal.[2] Petitioner has not demonstrated that the district court has exceeded the lawful exercise of its prescribed jurisdiction.[3] We repeat: "The Supreme Court has held that courts may generally set aside forum-selection clauses where enforcement would be 'unreasonable.'"[4] We decided this matter when we denied Petitioner's appeal, so Petitioner must now await the district court's final, appealable judgment before it may appeal the merits of that court's forum determination.[5]

Petition for writ of mandamus is DENIED.

---

[2] *See, e.g.*, *In re Am. Marine Holding Co.*, 14 F.3d 276, 277 (5th Cir. 1994) (per curiam) ("[I]t is more than well-settled that a writ of mandamus is not to be used as a substitute for appeal." (citation omitted)).

[3] *See Aerospace Corp. v. Mayacamus Corp.*, 485 U.S. 271, 289 (1988).

[4] *Northrop Grumman Ship Sys., Inc. v. The Ministry of Defense of the Republic of Venezuela*, 575 F.3d 491, 503 (5th Cir. 2009) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10-11 (1972)).

[5] *See In re Am. Marine*, 14 F.3d at 277 ("Whether the district court erred . . . may be raised for appellate review after the arbitration is completed and a final judgment entered by the district court confirming such arbitration.").