Ivan **ANZURES**, Plaintiff,

v.

**PROLOGIS TEXAS I LLC, Prologis Texas II LLC, Prologis NA2 Texas LLC, Prologis Management Incorporated and Elizabeth Rodriguez, Defendants.**

No. EP–11–CV–395–KC.

United States District Court,
W.D. Texas,
El Paso Division.

Signed April 23, 2012.

See also 2012 WL 10890452.

James F. Scherr, Maxey M. Scherr, Sam J. Legate, Scherr Legate, PLLC, El Paso, TX, for Plaintiff.

### ORDER DENYING PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER

ROBERT F. CASTANEDA, United States Magistrate Judge.

Before the Court is Plaintiff's motion to quash Defendants' notices of deposition by written questions and motion for protective order, filed on April 6, 2012. (Doc. 33) The motion was referred to this Court for resolution by United States District Judge Kathleen Cardone. (Doc. 35) Defendants filed a response on April 17, 2012. (Doc. 37) For the reasons set forth below, Plaintiff's motion to quash and for protective order is denied.

### Compliance Issues

Federal Rule of Civil Procedure 26(c)(1) requires a party moving for a protective order to "include a certification that the mov-ant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. Proc. 37(a)(1). Local Rule CV-7 requires a movant to advise the court within the body of any non-dispositive motion "that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason(s) that no agreement could be made." L.R. CV-7(h).

In denying the Plaintiff's motions to compel discovery, the Court, only eight days before this motion was filed, admonished Plaintiff "to comply with the Rules of Civil Procedure, Local Rules, and Judge Cardone's standing orders." (Doc. 32 at 5). It should go without saying that such admonition is not applicable only to the filing of a revised motion to compel after conferring with opposing counsel. Astonishingly, Plaintiff has again failed to comply with the same or virtually identical applicable Rules of Civil Procedure, Local Rules, and Judge Cardone's standing orders. As Defendants argue, this alone is grounds to deny Plaintiff's motion. (Doc. 37 at 3).

### Good Cause and Specific Need

Rule 26(c), requires that good cause and a specific need for protection be shown for the court to issue a protective order. Fed. R. Civ. Proc. 26(c). The burden is on the movant to make such showing, which includes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998). Likewise, a party seeking to quash a subpoena under Rule 45(c)(3) bears the burden of proof. Williams v. City of Dallas, 178 F.R.D. 103, 109 (N.D.Tex.1998). Plaintiff has not carried this burden.

Plaintiff asserts only general and conclusory objections as to all of the Defendants' written deposition questions. Plaintiff's motion argues that Defendants' written deposition questions are overbroad, irrelevant, immaterial, unspecific, multifarious, and argumentative. (Doc. 33 at 2 ¶ 2). Plaintiff fails to provide argument as to how any of the general objections applies specifically to

any particular written question contained in any of the depositions. (Doc. 33 at 2, ¶ 2).

Defendants respond that many of the questions presented to the custodians of records are necessary to enable the Defendants to use the documents produced as evidence in the trial if that becomes necessary. (Doc. 37 at 5, citing Fed.R.Evid. 902(11)). Other questions ask the deponent to produce the records and identify any records requested that were not produced and their location, to explain records retention policies, and to provide information relevant to Plaintiff's damages claim for medical care expenses, lost wages, and lost future wage earning capacity. (Id., at 6–7).

Likewise, Plaintiff lodges only general and conclusory objections to the Defendants' requests for the production of documents. (Doc. 33 at 2–3, ¶¶ 2–5). First, Plaintiff objects generally that the documents requested are personal, confidential, irrelevant and immaterial to the issues in this case. (Id., ¶ 2). Plaintiff then repeats these objections and adds that such request is also harassing. (Id., ¶ 3). Plaintiff then complains that there is no basis for the request of mental health and substance abuse records. (Id., ¶ 4). Plaintiff further complains that there is no basis for Defendants' to need to obtain a blanket employment file for all employment records of Plaintiff, arguing as to these records more specifically that they are likely to contain personal, confidential, and irrelevant items which are not proper for discovery and intrude on Plaintiff's rights to privacy. (Id., ¶ 5).

Defendants argue that not only did Plaintiff execute a release expressly authorizing Defendants to obtain the requested records, such records are directly relevant to Plaintiff's claims and Defendants' defenses, where Plaintiff alleges that he "has suffered mental pain and anguish in the past. Plaintiff will continue to suffer mental pain and anguish in the future." (Doc. 37 at 8).

Plaintiff does not provide any particular and specific demonstrations of fact supporting his requests for relief. Instead, Plaintiff's motion to quash and for a protective order sets forth only general and conclusory objections and stereotyped statements.

Such fails to establish that good cause and a specific need for protection exist regarding any of the written deposition questions or any of the requests for document production as is required to obtain a protective order from such discovery. See Fed.R.Civ.P. 26(c); Landry v. Air Line Pilots Ass'n, 901 F.2d 404, 435 (5th Cir.1990); In re Terra Int'l, Inc., 134 F.3d at 306.

Although Plaintiff requested that a hearing be set on the motion, such hearing is not intended to be the first time the court or opposing counsel is apprised of the substance of Plaintiff's argument or specific factual basis for the relief requested. Further, because Plaintiff failed to confer with Defendants before filing the motion, Plaintiff has not established that there exists a need for the court to set a hearing to resolve any purported discovery dispute.

Therefore Plaintiff's request for a hearing on the motion and Plaintiff's motion to quash Defendants' depositions by written questions and for protective order is denied.

### Expenses

When a motion to compel discovery or for protective order is denied, the court

must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 26(c)(3), 37(a)(5)(B).

This is the second discovery motion that Plaintiff has filed without certifying that he first conferred in good faith with the opposing party in an attempt to resolve the dispute without resort to court action. Plaintiff is ordered to show cause, within thirty days of the date of this order, why Plaintiff, Plaintiff's attorney, or both, should not be required to pay Defendants' expenses in opposing both Plaintiff's motion to compel (Doc. 24) and Plaintiff's motion to quash and for protective order (Doc. 33).

*Conclusion*

For all the reasons stated above, the following orders are hereby entered:

1.  Plaintiff's request for a hearing on the motion and Plaintiff's motion to quash Defendants' depositions by written questions and for protective order is hereby **DENIED**;

2.  Plaintiff shall show cause, within thirty days of the date of this order, why Plaintiff, Plaintiff's attorney, or both, should not be required to pay Defendants' expenses in opposing Plaintiff's motion to compel (Doc. 24) and motion to quash and for protective order (Doc. 33).